HIRAM L. WILCOX, APPELLANT, V. CHARLES B. BICKEL ET AL., APPELLEES.

Corporation: RIGHTS OF STOCKHOLDER. A stockholder in a corporation has a remedy in chancery against the directors to prevent them from doing acts which would amount to a violation of the charter, or to prevent any misapplication of their capital or profits which might lessen the value of the shares, if the acts intended to be done amount to what is called in law a breach of trust or duty. So also a stockholder has a remedy against individuals, in whatever character they profess to act, if the subject of complaint is an imputed violation of a corporate franchise, or the denial of a right growing out of it, for which there is not an adequate remedy at law. *Dodge v. Woolsey*, 18 Howard, 331.

APPEAL from the sustaining of a demurrer to plaintiff's petition in the district court for Lancaster county, held by POUND, J. The petition states, among other things, the organization of the Nebraska Leather Company, plaintiff's possession and interest as stockholder therein, and conveyances to defendants of the real estate belonging to the corporation by the president, one Holcomb, and one Baldwin, claiming to act as secretary, without any authority of the stockholders or board of directors, without consideration, and for a fraudu-

lent purpose of benefiting Holcomb and Baldwin, and that they had absconded, and prays to remove the clouds thereby cast upon the title, and to protect the property from the consequences of such conveyances.

*W. J. Lamb*, for appellant. A stockholder otherwise remediless can maintain this action. *Peabody v. Flint*, 6 Allen, 52. *March v. Eastern R. R.*, 43 N. H., 516. *Abbot v. Rubber Co.*, 33 Barb., 578. *Butts v. Woods*, 38 Barb., 181. The corporation having ceased to exist by its own acts was dissolved. *Carey v. C. & C. R. R. Co.*, 5 Ia., 358. *Bradt v. Benedict*, 17 N. Y., 93. *Canal Co. v. R. R. Co.*, 4 Gill. & J., 121.

*Galey & Abbott* and *W. H. Snelling*, for appellees. The plaintiff, as a stockholder, cannot bring this action alone. G. S., 529. G. S., 180. The corporation must be dissolved pursuant to statute. G. S., 200–201. Field on Corp., 563. *Revere v. Boston Copper Co.*, 15 Pick., 351. Whether a corporation has violated its charter or forfeited its franchises is solely one of law, not equity. *Doyle v. Peerless*, 44 Barb., 239. *State v. Ins. Co.*, 8 Humph., 235. *State v. So. Pac. R. R. Co.*, 24 Tex., 80. Plaintiff cannot represent or deny the corporation.

COBB, J.

Under the state of facts set up in the petition, it cannot be doubted that the Nebraska Leather Company, were it in a condition to assert its rights, could maintain an action against the defendants Ely and Bickell, and to clear its real estate from the cloud cast upon its title by the conveyances described. The plaintiff shows himself to be the owner of the equal one-half of the capital stock of the said corporation, and accordingly deeply interested in the preservation of its property.

Not only so; he shows that he is in the lawful possession of said real estate under and by authority derived from the said corporation, which possession the defendants Ely and Bickell, by means of the unauthorized and fraudulent acts of the said Holcomb and Baldwin, are about to disturb.

Were it not for the alleged disorganized condition of the said corporation, it would be necessary for the petition to state that the plaintiff had first applied to the officers or managing directors of the company and demanded that proper proceedings be taken in the name of the corporation for the protection of the property, but the allegations of the petition to the effect that all of the officers of the company have absconded and their whereabouts unknown, etc., constitute a sufficient showing that it was impossible for the plaintiff to make such demand.

In the case of *Dodge v. Woolsey*, 18 Howard, 331, the plaintiff was a stockholder in a bank incorporated and doing business in the state of Ohio. The defendant Dodge was about to collect by distress certain taxes, which were illegal, from the bank. The plaintiff requested the bank to take legal steps to prevent this, but it declined to do so. The supreme court held that he could maintain his suit against the collector for an injunction, making the bank also a party. In the opinion, the court say: "It is now no longer doubted, either in England or the United States, that courts of equity in both have a jurisdiction over corporations at the instance of one or more of their members, to apply preventive remedies by injunction, to restrain those who administer them from doing acts which would amount to a violation of charters, or to prevent any misapplication of their capitals or profits which might result in lessening the dividends of stockholders or the value of their shares, as either may be protected

by the franchises of a corporation, if the acts intended to be done create what is in the law denominated a breach of trust. And the jurisdiction extends to inquire into and to enjoin, as the case may require that to be done, any proceeding by individuals, in whatever character they may profess to act, if the subject of complaint is an imputed violation of a corporate franchise, or the denial of a right growing out of it, for which there is not an adequate remedy at law."

Applying the above principles to the case at bar, it cannot be said that the petition fails to set out a cause of action against the demurring defendants. It therefore necessarily follows that the district court erred in sustaining the demurrer.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.