PONCA MILL COMPANY ET AL. V. S. P. MIKESELL.

FILED MAY 4, 1898.   No. 8077.

1. Corporations: RECEIVERS: CAUSE FOR APPOINTMENT.   A receiver will
   not be appointed for a corporation, at the instance of a stock-
   holder, merely because of a difference of opinion between him
   and the officers or the holders of a majority of the stock as to
   the proper policy of managing the corporate affairs; but one will
   be so appointed when it is shown that the officers and the holders
   of a majority of the stock are fraudulently mismanaging the cor-
   porate business, converting its property to their individual use,
   and abusing their powers to the injury of other stockholders.

2. ——: ——: ——: PROCEDURE.   The wrong-doers being in con-
   trol of the corporation, both through its stock and by being the
   officers thereof, it is not essential for a complaining stockholder
   to show as a condition of maintaining his suit that he first made
   demand on the officers to proceed on behalf of the corporation
   itself to remedy the wrongs complained of.

3. ——: ——: ACTION BY STOCKHOLDER: JOINDER OF CAUSES.   A
   stockholder, seeking the appointment of a receiver because of
   mismanagement and fraud by the majority stockholders and offi-
   cers, alleged among other wrongful acts that the officers had con-
   veyed away corporate property in secret trust for one of their
   number and for a grossly inadequate price; that plaintiff had
   been compelled to resort to a stockholder's suit to set aside the
   conveyance, and that the court had imposed as a condition that
   the corporation repay a certain sum of money, giving him the
   right to do so if the corporation refused, and a consequent lien
   upon the property to indemnify him; that he had been compelled
   to make the payment.   He asked the establishment and fore-
   closure of the lien.   *Held*, That the two transactions were con-
   nected with the same subject of action, within the meaning of
   section 87 of the Code of Civil Procedure, and could be joined.

4. ——: ——: ——: PARTIES.   In such an action the corporation
   itself is the essential defendant.   It is not necessary to join all
   the directors.

ERROR from the district court of Dixon county.   Tried
below before ROBINSON, J.   *Affirmed.*

*Gantt & Welty*, for plaintiffs in error.

No appearance for defendant in error.

IRVINE, C.

This is an appeal from an order appointing a receiver for a corporation at the instance of a stockholder. The order also establishes and forecloses a lien to the plaintiff upon certain of the corporate property. The defendants demurred to the petition and the demurrer having been overruled, they refused to plead further and the order complained of was then entered. The principal ground of demurrer was that the petition did not state facts sufficient to constitute a cause of action.

The petition alleges that the Ponca Mill Company is a corporation organized under the laws of this state for the purpose of conducting a milling business, with a capital stock of $40,000, divided into eighty shares; that the plaintiff owns twenty-six shares, the defendant S. K. Bittenbender forty-one shares, and the defendant John Stough two shares; that Stough is president and Bittenbender secretary and treasurer. There are averments that Stough was unlawfully made president for the purpose of carrying out schemes to defraud others, but such averments are not specific and may be disregarded. It is then alleged that the officers named have for years failed to make a statement of the condition of the corporation and to publish notices of indebtedness and have refused to give information which would enable others so to do; that they have seized corporate property and converted it to their own use; that they have surreptitiously let contracts to themselves and appropriated to their own use profits realized therefrom; that Bittenbender has borrowed money for the corporation at eight per cent interest and charged the corporation ten per cent therefor; that Bittenbender and Stough made a pretended conveyance of certain corporate property of the value of $10,000 to one Jordan for the sum of $2,110, under a secret trust in Bittenbender's favor, that plaintiff was compelled to resort to the courts to have such conveyance set aside, that a decree was rendered canceling the conveyance on

plaintiff's or the corporation's paying to Jordan $1,138, the decree providing that if the corporation should fail to make the payment plaintiff might do so and would then have a lien on the property for the advancement; that the corporation failed to make the payment and that plaintiff, to protect the corporate interests, was compelled to do so; that all the assets, books, and accounts of the corporation are in the possession of Bittenbender, who refuses to permit plaintiff to inspect the same; that certain buildings, including the mill of the corporation, were destroyed by fire and that the officers have failed to repair and have allowed the property to become dilapidated, and that certain franchises owned by the corporation have become endangered by such neglect and mismanagement; that Stough and Bittenbender have executed a mortgage to Bittenbender on the company's property, ostensibly to secure $3,400, and that the company is not in fact indebted to Bittenbender, but that the mortgage was executed to defraud the stockholders; that the business of the company is managed and conducted by Stough and Bittenbender, the president and the secretary and treasurer.

We think this petition shows sufficient ground for the appointment of a receiver. Counsel in the brief discuss *seriatim* the different charges made in the petition and argue that no one charge is sufficient. Possibly this may be true, but the petition cannot be considered so disconnectedly. Each act of fraud or mismanagement on the part of the officers is not alleged as a cause of action in itself, but they are all alleged to show a continuous and systematic course of mismanagement and fraudulent acts by the managing officers tending to the injury of the corporation and the stockholders. It is also said that the petition does not show that any effort has been made to obtain relief through the corporation itself. To maintain what is called a stockholder's bill it is generally, but not always, necessary to aver a demand upon the officers to act and a refusal by them to do so. The

exception may be said to extend to those cases where it is evident from the other averments of the bill that such a demand is impossible or would be unavailing. Thus, where it was averred that all the officers had absconded, the usual showing was held unnecessary. (*Wilcox v. Bickel*, 11 Neb. 154.) Where the corporation is under the control of the wrong-doers it is not necessary to request them to sue themselves. (*Fitzgerald v. Fitzgerald & Mallory Construction Co.*, 41 Neb. 374; *Heath v. Erie R. Co.*, 8 Blatch. [U. S. C. C.] 348.) In this case the averments were that those who would be defendants in a case by the corporation to restrain the threatened wrongs and to recover for those consummated, were themselves owners of a majority of the stock and were in possession of the property and in control of the corporation. Such a remedy would clearly be unavailing. Among the enumerated cases wherein receivers are by the Code of Civil Procedure authorized are all those where receivers have heretofore been appointed by the usages of courts of equity. (Code, sec. 266.) Among such cases are those where the property of a corporation is being mismanaged and is in danger of being lost through the collusion and fraud of the officers, especially where they are using it for their individual ends to the detriment of the stockholders. (*Haywood v. Lincoln Lumber Co.*, 64 Wis. 639.) In all such cases the courts should proceed with caution and carefully avoid having their process made use of for the purpose merely of directing corporate action adversely to the policy of the majority stockholders and that of the regularly chosen officers. That is to say, that stockholders must not be permitted to invoke the power of the court through the appointment of a receiver simply to enforce their own ideas of the conduct of affairs against the majority or the duly constituted officers. Matters of corporate policy must be determined by the corporation itself. On the other hand, when it clearly appears that the dispute is not of that character, but arises out of an attempt of the officers or the majority stockholders

to abuse their power by misappropriating the corporate property, by using the corporate means for their individual profit, or by so acting as to wilfully and wrongfully jeopardize the corporate business, then the courts should not hesitate to afford relief. No one is more helpless, unless aided by the arm of the law, than the holder of a small portion of the stock of a corporation, when the large stockholders combine to advance their private interests at the expense of the corporation. Here the demurrer admits, for the purpose of the proceeding, the grossest breaches of trust and dishonesty on the part of the officers, and that a single man, one of the wrongdoers, holds such a proportion of the stock that others are helpless and cannot obtain relief through the usual channels.

Another ground of demurrer was that two causes of action are improperly joined. This is because the plaintiff alleged the proceedings to set aside the conveyance to Jordan and the lien resulting to himself, and prayed a foreclosure. The Code of Civil Procedure provides (sec. 87) that the plaintiff may unite several causes of action relating to "the same transaction or transactions connected with the same subject of action." The vagueness of that language has caused the profession much difficulty; but the facts out of which the lien arose embrace a part of the fraudulent conduct justifying interposition through a receivership; they resulted in giving plaintiff a special interest aside from that of a stockholder, and it would certainly seem that the language quoted is broad enough to cover such a state of facts. Moreover, only one cause of action is in form stated. If two were in fact included in the averments, the remedy was by motion to strike out surplusage or to require the two causes to be separately stated. A demurrer does not reach the commingling of two causes of action in a single count, if they be, under the Code, of such character that they may be joined.

The remaining ground of demurrer was a defect of

German Nat. Bank v. Kautter.

parties. On this we understand the argument to be that there were other directors than Stough and Bittenbender and that they should have been joined. It is not disclosed that there were other directors. On the other hand it is averred that Stough and Bittenbender had entire possession and control of the corporate property and affairs. We know of no rule requiring that in such cases the officers must be made defendants. The essential party is the corporation itself. (*Elwood v. First Nat. Bank,* 41 Kan. 479; 5 Thompson, Corporations sec. 6874.)

AFFIRMED.