## DETERMINATION AS TO CAUSE OF ACTION.

Common Pleas Court of Franklin County.

THE GRAND FRATERNITY v. V. W. MOSS ET AL.

Decided, December 11, 1918.

*Action for Recovery of Money on a Contract of Employment—Counter-*
*Claim Based on Acts of a Tortuous Character Subject to Demurrer*
*—Joinder of Inconsistent Claims—Subject of Action Distinguished*
*from Cause of Action.*

1. Where in an action by a fraternal beneficiary association against
   one of its collectors and the surety on his bond, for the recovery
   of money on a contract of employment, he is charged with acts of
   fraud, dishonesty and misappropriation of funds in the amount
   sued for, the contract is the transaction giving rise to the cause of
   action; and the subjects of the action are the acts constituting
   the violation of plaintiff's legal rights under the contract.

2. A counter-claim, in such action, filed by the defendant collector,
   for damages caused by the plaintiff's circulation of printed matter
   charging him with embezzlement of the same money referred to
   in the petition, is based upon a different transaction, tortuous in
   nature, and is not connected with the subject of the action, es-
   sentially, but casually only.   Such counter-claim is therefore
   demurrable.

3. The subject of an action or subject-matter of an action is embodied
   in the acts or facts alleged to have been violative of a legal right,
   and the defendant is at liberty to set up a counter-claim only
   when it is based on an affinity of right which will afford the same
   harmony between the subject of the action and the counterclaim
   that is found between causes which may be properly joined.

*Smith W. Bennett* and *Barton Griffith,* for plaintiffs.
*Vorys, Sater, Seymour & Pease,* contra.

KINKEAD, J.

Plaintiff's action is for the recovery of $2,038.52 from defend-
ant Moss, and from the surety upon a bond given by him to
plaintiff.   Moss was an agent, superintendent and collector for
a branch organization of plaintiff, which is a fraternal benefic-
iary association,   The petition pleads the contract of employ-

ment, its terms and conditions, and the alleged breaches on the part of the defendant.

The former opinion sustaining the demurrer to the cross-petition was not specific in stating the gist of plaintiff's cause of action. In making an analysis of the cause, statement was made that money embezzled or misappropriated by Moss was the transaction involved by plaintiff's cause; that it was also the subject of the action.

The opinion did not fully or accurately state the cause stated. It is in fact founded upon contract; the petition recites the appointment of Moss as plaintiff's agent; it sets forth his duties as defined in the constitution and by-laws. The amount of compensation or salary is alleged. The petition charges Moss with acts of fraud, dishonesty and misappropriation of funds; that he refused to account for money collected, and that $2,038.52 is due from him.

To charge the defendant, the National Surety Company, with liability on its bond as surety for Moss, the petition recites that the constitution and by-laws, which were part of the contract between plaintiff and Moss, required the latter to give a bond. It is charged that the contract of the surety company agreed to reimburse plaintiff for loss sustained by act of fraud, dishonesty, larceny, embezzlement and misappropriation of funds.

The petition, to fix the liability of the surety on its bond, charges Moss with violation of his contract; charges that by his acts of fraud, dishonesty and misappropriation of funds in the amount sued for, in order to charge the surety company with its liability under the bond given by it.

In giving an analysis of the cause of action in the former opinion, we mistakenly considered the specific charges of misappropriation having special relation to the liability of the surety, in characterizing the nature of the cause of action.

The transaction out of which plaintiff's right and cause of action against Moss and his surety arises is a contract. It is a cause for the recovery of money under a contract; money which defendant is obliged to pay as agent for defendant; money which the surety must pay under its contract. The "subject of the action" is the right of plaintiff to recover money.

Counsel for the cross-petitioner states that it is necessary to have a clear conception of action declared upon in the petition; he declares it is to be a cause of action upon a contract to recover for the breach thereof.

We regarded the cause as one for the recovery of money due plaintiff under a contract; money which defendant is obliged to pay in his capacity as agent of plaintiff. It is money claimed to be due under a conditional contract which constitutes an evidence of indebtedness.

Counsel for plaintiff claims that *Mogle* v. *Black*, 5 C. C., 51, affirmed without report in 51 O. S., 582, is conclusive of the question. The cause of action in that case was one for damages for assault and battery. By way of counter-claim defendant averred that immediately preceding and connected with the assault which is the foundation of plaintiff's cause, the plaintiff maliciously slandered defendant damaging him in the sum of $2,000. This must be the conclusion of the court writing the opinion and not the language of the pleading. A demurrer was sustained to the cross-petition setting up the alleged counter-claim. The circuit court reversed the case for error in sustaining the demurrer. This is unlike the present case. It must be assumed that both plaintiff and defendant were claiming damages arising out of one "scrap or assault." If the defendant made the assault he would be liable; if plaintiff made the first assault then defendant could recover. The transaction was the assault; it was a single occurrence.

There is no doubt of the correctness of the decision in *Mogle* v. *Black, supra,* but its conclusion has no relevancy on the question in the case now before the court. In the present case plaintiff seeks to recover money from defendant due by the terms of a contract.

Defendants cite the case of the *Cincinnati Tribune Company* v. *Bruck*, 61 O. S., 489, as direct authority upon the question at issue. This decision, or rather what is stated in the *pur curiam* report has given us greater concern.

The action was for libel; Bruck complained that the Tribune Company had libeled him and sought damages. The Tribune Company sought to counter-claim one tort against another, set-

ting up an alleged cause of action for the malicious prosecution of a civil action against it by Bruck. It appears that after Bruck had commenced his groundless civil action against the Tribune Company, in which he sought the appointment of a receiver, the latter company being provoked by the civil suit published an article in its paper which was libelous in character. It does not appear that the question of counter-joinder of such claim by the defendant was made until at the trial, when the court withdrew the Tribune Company's claim for malicious prosecution from the jury, but in its charge left it to be considered in mitigation of damages. The only question to be decided on the Tribune Company's petition in error was whether the court erred in taking its alleged counter-claim for malicious prosecution from the jury. The Supreme Court held it not to be error because the company did not have a cause of action under the peculiar Ohio rule, for the reason that there had been no seizure of property. But in the course of the *per curiam* opinion the statement was made that:

"If, * * * the facts stated constitute a cause of action * * * for * * * damages against * * * plaintiff for * * * malicious prosecution * * * it is very clear that they *would* constitute a counter-claim. * * * They are connected with the subject of the action; and this is sufficient to warrant their being pleaded as a counter-claim. Section 5072, R. S., Swan Pl. & Pr., 259, note."

*If* the facts had constituted a cause, they *would* have constituted a counter-claim, because they were connected with the subject of the action. This clearly is an expression of an opinion concerning a question not involved in or presented by the record. The facts did not constitute a cause of action, hence there could be no such question of joinder presented for decision.

However, this dictum of the *per curiam* is carried into the syllabus by the court, which by universal custom is considered the law. But no opinion or rule stated, not founded upon a question actually presented and in fact decided, can be regarded as a rule of decision, whether stated in a syllabus or an opinion. This dictum of opinion is in line with the contention of defendant's

counsel in this case, but it is not in accord with fundamental conceptions and rules under the code.

The clear intent of the code provisions, permitting the joinder of more than one cause of action in a petition and the counter-claim of a cause of action in a cross-petition, is that no incongruous claims should be brought into an action for adjudication. The purpose and intent is that the plaintiff can not join causes which are inconsistent, and that defendant may not plead a cause of action by way of counter-claim that is inconsistent with or has no direct connection with the cause of plaintiff by arising out of the same transaction as that from which plaintiff's cause arose.

The only basis for contention in such problems is the provision of Section 11317, *"or connected with the subject of the action."*

A cause of action by way of counter-claim must arise out of the contract or transaction which is the foundation of plaintiff's claim, or it must be connected with the subject of the action.

In philosophizing upon the meaning of the code provision learned writers and judges express the view that "subject of the action" is not synonomous with "cause of action;" that the former is something different from the latter. The transactions out of which causes arise being connected with a "subject of action" must be in existence simultaneously with the transactions, and prior to the time when the causes of action commence. Therefore it is said the "subject" must be different from the cause of action. The whole passage at best, it is asserted, is a difficult one to construe in such manner that any explicit and definite rule can be extracted from it. Pomeroy's Code Rem., Section 369 (4th Ed.). In *Ponca Mill Co.* v. *Mikesell,* 55 Neb., 98 (1898), it was stated that: "The vagueness of that language has caused the profession much difficulty."

It is said:

*"The subject of the action* was what was formerly understood as the subject-matter of the action." *Box* v. *Ry. Co.,* 107 Iowa, 660.

We do not believe this to be a correct conception of the meaning of the language of the statute. The subject of the action con-

sists of the acts charging the violation of legal right. The subject of a counter-claim is the right shown to have been violated by the facts alleged. These acts or facts disclosing violation of right to be joined in the petition, or as counter-claim by cross-petition, must either arise out of the same transaction, or in the counter-claim it must be connected with the subject of the action.

"Subject of the action" is said to be the same as the subject-matter thereof; that would mean the constituent elements. But the term "subject of the *action*" can not have reference to the *action,* because the latter is only a proceeding in court in which a cause of action is set forth. If the expression is the same as the subject-matter of the cause of action, then it has reference to its constituent elements, as one of the definitions of "matter" is "constituent elements."

All uncertainty and vagueness disappears when we view the subject of the cause or action as the facts violating a primary right, rather than some casual loose connection with facts which are not an essential part of the cause of action.

It must not be *casually* connected with the subject of the action as in the *Tribune Co.* v. *Bruck* case, where the newspaper proprietors became angered over Bruck's groundless action and printed a libelous article. The connection of that unwarranted counter-claim with Bruck's cause of action for libel was *casual* or *incidental,* depending upon the fortuity of human acts and inclination. It has no connection in reason and logic based upon the facts disclosing infringment of legal right which in all actions must be the subject thereof.

Though the code is liberally construed, still there must be an exactness and perspicuity in the classification of the subjects and principles of law, in the rights of persons, and particularly in the rights and causes of actions. The subject of the action has reference to facts disclosing violation of legal right.

Rights and causes of action are classified according to rights of persons and of property. According to the rule of decision in this state the malicious prosecution of a civil action injures the right of property or of person. This is not entirely logical nor in accord with the rule in other states. The gist of the cause is the groundlessness thereof, malice and seizure of

the property or arrest of the person being incident to the malicious prosecution. The decision in *Tribune Co.* v. *Bruck, supra,* was based solely on want of seizure of property.

The logical conception is that rights of action and causes of action are classified according to rights of persons and rights of property. The civil action is the legal vehicle for the redress of injuries to such rights.

The provisions of the code in respect to the joinder of causes and the interposition of a counter-claim are based entirely upon the classification of rights. It was the intent and purpose that separate causes for injuries to rights of person or property could be settled in one action when they affected the same right. The spirit of the code authorizing a counter-claim to be set up by a defendant, when it has a connection with the subject of the action, is that there shall be the same harmony of action as in the joinder of causes. It was not intended to authorize a counter-claim to be pleaded in an action unless there was an affinity of right.

The fact that the groundless malicious prosecution of a civil action which affected no right of property or person, *"provoked"* *the libel* by the Tribune Co. (in *Tribune Co.* v. *Bruck, supra*), does not sufficiently connect such groundless cause—the alleged injury affecting no legal right—with the *subject* of the *cause* of Bruck against the Tribune Co., which was an injury to the reputation of Bruck caused by a false and malicious publication.

To be connected with the subject of the *action* means connected with the subject of the *cause of action*. The subject of the action is disclosed by the statement of facts showing a violation of a right of person or property. All the cases in Ohio, viz: *Coal Co.* v. *Upson.* 40 O. S., 17; *Pope* v. *Pollock,* 46 O. S., 367, and the previous one of malicious attachment do not harmonize with correct principles of classification, nor do they follow the trend of opinion elsewhere. (The writer may be permitted to make reference to a discussion of "The Right of Action Upon Principle Stated" where we have stated that the lack of harmony among American Authorities 'leads us to believe that there has not been a proper appreciation of the *right* injured." Kinkead on Torts, Section 415.) This subject will not be pursued fur-

ther. We justify the extensive consideration of *Cincinnati Daily Tribune Co.* v. *Bruck*, 61 O. S., 487, because the syllabus states that "the facts are sufficiently connected with the subject of the action for the purpose of a counter-claim," etc., and because it is the only case militating against the views here expressed. We have given it extensive consideration for this reason, and also because we feel certain that the statement in the syllabus was not essential to the decision, and the expression of opinion is in fact erroneous.

The language of the statute concerning a counter-claim is that it must be connected with the subject of the action. Reference is made to a discussion of the subject of the action by Judge Davis in *Railroad* v. *Hollenberger*, 76 O. S., 177, 181. He finally concludes on page 183:

"We prefer the construction of Prof. Pomeroy, that the Legislature used the terms 'subject of the action,' in place of, and with the same meaning as 'subject-matter' of the action."

We can not believe that there may be joinder of causes, and joinder of a counter-claim upon any other basis that the subject of an action contemplates *and relates* to the right violated. The subject-matter of an action is the right violated, and a counter-claim may be interposed by a defendant when it arises out of the transaction giving rise to the plaintiff's cause.

We have not changed the common-law causes of action, the intent of the code being that only consistent causes may be litigated in one action whether as causes or counter-claims.

In the present case, as already stated, plaintiff's cause of action is for recovery of money claimed to be due by defendant as an agent of plaintiff operating under a contract; a cause of action for money arising under a conditional contract for money. The subject of the action is the right of plaintiff to recover money from defendant who received and collected it for plaintiff pursuant to a contract made between the parties. This is an action in contract.

The alleged counter-claim is based upon a different subject entirely—a tort—an alleged wrong having casual relation to the conduct and acts of the parties arising from an alleged circula-

tion of printed matter charging defendant with embezzlement. Contract and tort are radically different subjects of the law. The subject of the plaintiff's cause and defendant's alleged counter-claim differ radically from each other; one is based upon contract the other upon tort. It is well known that tort and contract causes can not be litigated in the same action either as causes or as cause and counter-claim.

We have written a long opinion again; but when it is so strongly urged upon rehearing that we are wrong it seems justifiable to cover the ground. Tort can not be counter-claimed against a cause for money claims on contract, merely because the person seeking money judgment incidentally committed an independent act not arising out of the transaction giving rise to claim for money, but which is founded upon a casual act of circulating printed matter concerning defendant.

In *John Parish* v. *Frank H. Powell*, in this court, case No. 53521, plaintiff sued for money claimed to be due for work on a building owned by defendant. The latter set up an alleged counter-claim based upon acts of negligence in the work by plaintiff by reason whereof defendant's building was injured. This branch of the court in its charge to the jury took this alleged counter-claims from the jury for the reason that it was a clear liability in tort, and for this reason, under our statutes, defendant could not assert a counter-claim claiming damages on that account. Plaintiff recovered judgment for the amount due him, and error was prosecuted to both reviewing courts which affirmed the trial court.

The former decision sustaining the demurrer is adhered to.