**OKLAHOMA SHEEP & CATTLE CO. et al. v. HASTINGS et al.**

No. 11440—Opinion Filed Dec. 14, 1920.

Rehearing Denied Jan. 8, 1921.

(Syllabus by the Court.)

**1. Corporations — Receivers — Mismanagement—Action by Minority Stockholder.**

Where the property of a corporation is being mismanaged or is in danger of being lost to the stockholders and creditors through mismanagement, collusion, or fraud of its officers and directors, a court of equity has inherent power to appoint a receiver for the property of such corporation, and to require the officers to make an accounting upon petition of a minority stockholder therefor.

**2. Same—Prerequisites to Suit—Demand Upon Officers.**

Where the officers, of whose mismanagement and misconduct the plaintiff stockholder complains, are in control of the corporation, both by being the officers thereof and the holders of a majority of the stock, it is not necessary for a complaining stockholder to show, as a condition necessary to maintain his suit, that he first made demand on said officers to proceed on behalf of the corporation to remedy the wrongs complained of.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by E. R. Hastings and another against the Oklahoma Sheep & Cattle Company and another for appointment of receiver and for an accounting. Judgment for plaintiffs, and defendants bring error. Affirmed.

Geo. B. Rittenhouse, P. T. McVay, and Gordon Stater, for plaintiffs in error.

Twyford & Smith, for defendants in error.

JOHNSON, J. This action was commenced by E. R. Hastings, as plaintiff, on the 12th day of March, 1920, against the Oklahoma Sheep & Cattle Company, a corporation, and C. F. Elerick, president, as defendants, and defendant in error H. N. Boardman, plaintiff below, during the course of the trial appeared, applied to be made a party plaintiff in the action, and, there being no objection, leave was granted and he adopted all the pleadings previously filed by the plaintiff, Hastings.

The plaintiff E. R. Hastings owned 1,000 shares of stock and H. N. Boardman 2,000 shares of stock in the Oklahoma Sheep & Cattle Company, defendant. The action of the plaintiffs was for the appointment of a receiver for said corporation and for an accounting; the plaintiffs' allegations being, in substance, that they were minority stockholders and that the defendant C. F. Elerick and his relatives and associates, by reason of the stock issued to them, controlled said corporation and the board of directors, management, business, and property thereof, and that the corporation had refused to bring this suit, and the said C. F. Elerick had likewise refused to do so, and was guilty of the acts complained of, and would not act, and the corporation was therefore joined as a defendant. and the petition and amended petition charged, by sufficient allegations, gross mismanagement of the business and affairs of the corporation by the said defendant Elerick and associates, to the great detriment of the corporation and damage to the plaintiffs and the minor stockholders thereof, and in fraud of their rights; and the plaintiffs prayed for a receiver to be appointed and to take possession and charge of the property and affairs of said corporation, and for an accounting to be had, and for such other and further relief as might appear to be equitable and proper and for full legal and other relief and for costs.

For convenience, the parties will be referred to as plaintiffs and defendants, respectively, as they appeared in the trial court.

A trial was had to the court upon the testimony of witnesses and documentary evidence, which trial lasted two or three days, and at the conclusion thereof, the trial court entered an order appointing a receiver as prayed for, directing said receiver to take immediate possession of all the records, books, correspondence, personal property, real and mixed property, and affairs of the corporation, authorizing and directing said receiver to collect any and all notes, or other obligations due the company, and by suits and actions at law or legal proceedings necessary, and to preserve any and all monies collected thereby and carefully preserve the same and to report all of his acts and doings to the court from time to time for approval, giving to the receiver, as stated by the court in its order, "blanket" authority to act by executing his bond in the sum of $10,000.

The defendants filed a timely motion to vacate the receivership, which motion was overruled by the court, and from which order the defendants appealed, and in due time this proceeding in error was regularly commenced to reverse the order of the trial court.

The defendants have assigned 16 specifications of error, most of which go to the questions of the sufficiency of the evidence and law to support the judgment of the trial court appealed from, which are discussed in their brief under three subheads, the first of which is, that there was never a demand made upon the plaintiff in error C. F. Elerick, nor upon any of the officers or directors of the defendant corporation, for the bringing of an action against any of its officers or directors, and that there is no evidence whatever to show that said demand would have been unavailing or useless. There is no merit in this contention, for two reasons: (1) The undisputed evidence shows that one of the plaintiffs, E. R. Hastings, made repeated demands upon defendant C. F. Elerick, as president of the corporation, to correct the wrong complained of, in so far as he had knowledge thereof, before suit was actually instituted; (2) no such demand is necessary under the law when the proof shows, as it did in this case, such demand would have been unavailing, and where the officers in charge of the affairs of the corporation have committed the acts complained of.

When the officers in charge of the affairs of the corporation are guilty parties and have committed the acts complained of, no formal demand is necessary before bringing suit, because the same would be a useless formality and an idle ceremony.

In 14 C. J., page 934, the rule is as follows:

"It is within the power of the court to decide in every instance upon the facts shown whether or not a request to bring suit would have been an idle ceremony; and in the exercise of this power the court is vested with considerable discretion. A demand upon the corporate authorities for redress of the grievance complained of may be dispensed with as a condition precedent in a stockholder's suit in behalf of the corporation, where it appears that such a demand would be useless and unavailing in that it either would be refused or if granted the litigation would necessarily be under the control of parties opposed to its success. It need not be made where the corporation is under the control of the wrongdoers or of persons who are necessary parties defendant. A situation excusing demand exists where the directors or the managers upon whom the demand would have to be made, or a majority of them, bear such relation to the acts in question or to the adverse party that it would be improper to have an action in the name of the corporation, subject to their control, as where the object of the suit is to question or impeach their acts, or where they themselves are the wrongdoers or are concerned in the wrongdoing, or where they are under the control of or are partisans of, or in collusion with, the wrongdoers. The attitude of the directors need not be sinister; it is sufficient if they occupy an antagonistic position to the controversy."

In 2 Cook, Corp. (4th Ed.) sec. 741, the law is stated to be:

"There are occasions when the allegation that the stockholder has requested the directors to bring suit and they have refused may be omitted, since the request itself is not required. This occurs when the corporate management is under the control of the guilty parties. No request need then be made or alleged, since the guilty parties would not comply with the request; and even if they did, the court would not allow them to conduct the suit against themselves."

In Exchange Bank v. Bailey, 29 Okla. 246, 116 Pac. 812, a minority stockholder brought suit for a receiver and an accounting and to wind up the affairs of the corporation. The directors and officers of the corporation were the parties charged with the mismanagement. It was held under such circumstances it was unnecessary to make demand on such officers before bringing suit. In so holding, the court, through Mr. Justice Hayes, uses this language:

"Nor was it necessary, in order to entitle plaintiff to maintain this action, that he request the defendant officers and directors to prosecute an action to obtain the relief desired, for when the defendant officers are directors of the corporation and own the con-

rolling stock, and are in complete control of the corporation, and are shown to occupy such a relation to the transaction complained of that they would be antagonistic to the prosecution of an action which a complaining shareholder would request, a demand that such officers bring and prosecute the action in the name of the corporation would be useless, and is not necessary."

See, also, Ponca City Milling Co. v. Mikesell, 55 Neb. 98, 75 N. W. 46, 39 L. R. A. (N. S.) 1032; 10 Cyc. 978; Union State Bank of Shawnee v. Mueller, 68 Oklahoma, 172 Pac. 650; Dill v. Johnston, 72 Oklahoma, 179 Pac. 608.

The defendants' next contention is that the evidence was insufficient to warrant the trial court in appointing a receiver, and therefore the motion to vacate the order should have been sustained and the trial court committed error in overruling said motion.

The established rule in this jurisdiction, as stated in Union State Bank of Shawnee v. Mueller, 68 Oklahoma, 172 Pac. 650, is as follows:

"Where the property of a corporation is being mismanaged or is in danger of being lost to the stockholders through mismanagement, collusion, or fraud of its officers and directors, a court of equity has the inherent power to appoint a receiver for the property of such corporation, and to require its officers to make an accounting upon the petition of the minority stockholders therefor."

The trial court found that all of the allegations in plaintiffs' petition and amended petition were sustained by the proof.

We have carefully examined the record, and find that such finding of the trial court is abundantly sustained by the evidence, and that this contention of the defendants is also without merit.

The third and last contention of the defendants that will be necessary to notice, is that: "The trial court exceeded its jurisdiction in giving the receiver, when appointed, 'blanket' authority, and in making his appointment permanent, and instructing him to wind up and close the affairs of the corporation." We cannot agree with counsel in this contention. The record discloses that the hearing in this case was on due notice, there was no objection made to hearing the application by defendants, and their counsel appeared and announced ready. The hearing was not had on ex parte affidavits, but on evidence of both sides. The parties went fully into the merits, and the witnesses were fully cross-examined.

The order authorized the receiver to take charge of all the property and assets of the corporation and carefully preserve the same and report all his acts and doings to the court for approval, and to bring necessary suits to preserve the assets. The order specifically provides that the receiver shall hold all monies and property in his possession until further order of the court. This order, we think, in effect is, that the receiver should marshal and preserve the property and assets of the corporation until final judgment in the case. In 34 Cyc. 242, it is said:

"A receiver appointed by a court of chancery, being an officer of the court, has no rights in himself, no individual status. His duties and powers are directed generally to the preservation of the property pending litigation. He has no original, intrinsic authority. His power comes from the court, or from statute, and he has only such power as the order of the court under the general principles of law and due course of procedure may confer upon him, or such as may be conferred upon him by statute, or reasonably or necessarily be implied from such orders, or from the statute under which the express power is defined; and he cannot substitute his own discretion where the law has enjoined on him a positive duty. His power is confined, in so far as he may claim recognition by reason of his appointment alone, within the territorial limits to which the process of the court may run. A receiver will be charged with the consequences of his violation of authority and duty conferred and imposed by the order of appointment. and those dealing with him are presumed to know the limitation of his power. The receiver of a corporation, conducting its business, takes the place of the corporation and its officers for the purpose of performing the necessary corporate duties and functions and has the same powers for such purposes; while, on the other hand, he cannot act in excess of the corporate powers and the court cannot invest him with authority to that extent." Exchange Bank of Wewoka et al. v. Bailey, supra.

We have examined the entire record, and are of the opinion that the judgment of the trial court should be affirmed, and it is so ordered.

All the Justices concur.