Della MOSBURG, Surviving Wife, Appellant,

v.

Lela May PARKER, Executrix, Respondent.

No. 39357.

Supreme Court of Oklahoma.

Oct. 16, 1962.

George C. Loving, Clinton, for plaintiff in error.

R. B. Strong, Sr., Arapaho, Meacham, Meacham & Meacham, Clinton, for defendant in error.

BLACKBIRD, Vice Chief Justice.

After a will which the testator, Wallace H. Mosburg, executed before his marriage to his widow, the appellant, was admitted to probate by order of the county court on February 19th, 1960, she filed her petition to revoke, or vacate, said order in the same probate proceedings on August 5th of the same year. Respondent filed a demurrer

to said petition. One of the two grounds for said demurrer was that the petition did not state facts sufficient to constitute a cause of action. The county court sustained said demurrer, and, upon appellant's appeal to the district court, the latter court entered an order, and/or judgment, upholding the county court's order, and dismissing the petition.

Although, in appellant's present appeal from the judgment of the district court, she presents argument directed at both of the grounds of respondent's demurrer, it is necessary to deal only with the question of whether or not it was correct in alleging, and the lower courts in holding, in substance, that appellant's petition did not state facts sufficient to demonstrate cause for setting aside the will's admission to probate.

The only allegations of said petition which are material to this decision are as follows:

"* * * That the Court had no jurisdiction to admit said will to probate for the reason that said will had been revoked by the provisions of Title 84, Section 107, of Oklahoma Statutes Annotated, which provide: 'If, after making a will the testator marries, and the wife survives the testator the will is revoked, unless provision has been made for her by marriage contract, or unless she is provided for in the will,' and by the fact that the will which had been admitted to probate had been made by the testator prior to his marriage to this petitioner, and this petitioner and wife of said deceased did survive the testator, and the will, by the provisions of the above statute was revoked, and was revoked as no provision was made for said surviving wife, by marriage contract, nor was she provided for in said will. And the said County Court under these facts had no jurisdiction to admit said purported will to probate.

"That the purported pre-nuptial agreement or contract filed in this matter does not make provision for said surviving wife, for the following reasons:

"a. Said agreement is not just and reasonable.

"b. There was no adequate consideration for said purported agreement.

"c. That said purported agreement is ambiguous and uncertain. * * *"

It will be noted by reading and analyzing the more general of the above quoted allegations, in the light of the more specific ones, that the petition cannot consistently, or without appearing self-contradictory, be construed as alleging literally that appellant and the testator never executed a marriage contract, for, by reference to the "purported pre-nuptial agreement or contract", it recognizes that there was such a contract. In her brief, appellant does not deny that said contract provided for her to have a life estate in the parties' home, but she says that, in order for such "provision" to preclude revocation of a will like the testator's, within the meaning of that term as used in Title 84 O.S.1951 and 1961 § 107, it must provide for the widow to have "* * * as much as * * * (she) * * * would receive by the laws of succession, for otherwise * * * (she) * * * elects not to take under the will, and upon distribution * * *", the will is inoperative as to her. Appellant's petition, however, contains no such allegation or conclusion, nor does it contain any allegation of fact to induce such a conclusion. Here plaintiff's general charge that the pre-nuptial contract "* * * does not make provision * * *" for her is restricted and explained by the following "reasons" it sets forth for the pleader's said conclusion, namely:

"a. Said agreement is not just and reasonable.

"b. There was no adequate consideration for said purported agreement.

"c. That said purported agreement is ambiguous and uncertain."

As will be seen, neither "a", "b", nor "c" states that the property interest which the

testator agreed, by said contract, for appellant to have, was an insufficient "provision" under the above statute. Nor does it contain any allegation of fact to support such a conclusion.

While appellant relies on the rule that respondent, by her demurrer, admitted the truth of the allegations in her petition, it is well settled that such pleading does not admit conclusions unattended by allegations of fact to support them. Duncan v. Golden, Okl., 316 P.2d 1116, 1119. The demurrer admitted only facts well pleaded, and the inferences or conclusions to be reasonably and logically drawn therefrom. Speaker v. Board of County Comm'rs, Okl., 312 P.2d 438.

Since, upon careful examination of appellant's petition to revoke, or set aside, we are unable to find sufficient allegations of fact therein to render testator's will revocable, under Sec. 107, supra, on account of his failure to make "provision" for her by marriage contract, we are of the opinion that the district court committed no error in the judgment herein appealed from. Said judgment is therefore affirmed.

WILLIAMS, C. J., and WELCH, HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.