Howard B. **WESTON** and John Jacobsen, Plaintiffs in Error,

v.

**ACME TOOL, INCORPORATED** et al., Defendants in Error.

No. 41610.

Supreme Court of Oklahoma.

Jan. 23, 1968.

Rehearing Denied March 12, 1968.

Charles Hill Johns, James F. Howell, Midwest City, for plaintiffs in error.

John H. Cantrell, Cantrell, Douglass, Thompson & Wilson, Oklahoma City, Eugene P. Ledbetter, Jr., Oklahoma City, for defendants in error.

DAVISON, Justice.

Howard B. Weston and John Jacobsen (plaintiffs below), stockholders in Acme Tool, Inc., filed their minority stockholders' action in the lower court against the corporation, Acme Tool, and its officers and directors, William D. Warner, Harold Sadberry, Eugene P. Ledbetter, Jr., James A. Fuller, Jr., and Frank Lake, wherein plaintiffs sought an accounting as to the assets of the corporation, an injunction against dissipation of the corporate assets, and for a receiver for the corporation and the operation of its business.

Plaintiffs appeal from the order and judgment of the lower court sustaining general and special demurrers to their second amended petition and dismissing their action. Our disposition of this appeal will be limited to the proposition of whether the allegations of the second amended petition were sufficient to state a cause of action.

Plaintiffs' second amended petition alleges in part in their first cause of action that Acme Tool was organized under the laws of Kansas and was authorized to do business in Oklahoma and had 9377.73 shares of stock issued and outstanding; that plaintiffs own 230.68 shares or 2.459% of the issued stock; that the individual defendants, Warner, Sadberry and Ledbetter own and control 7844.42 shares or 83.649% of the issued stock; that it would be futile to request the individual defendants to institute a corporate suit; that plaintiffs, for themselves and other minority stockhold-ers, bring the action for the benefit of Acme Tool as a derivative action; and that Warner is the President of Acme Tool and has legal and equitable ownership of 5256.42 shares or 56.02% of the stock, and, since the year 1960, has controlled the election of Directors and dictated the acts of Acme Tool and promulgated its policies and conduct.

The second amended petition further alleged that Acme Tool, acting under the direction of Warner, caused an inventory to be made and completed prior to May, 1961, "on a cost basis, of the machinery and equipment, rental machinery, drill pipe and hand tools" of Acme Tool (attached as Exhibit B), which was *exclusive* of "the Oklahoma City store, the Canadian operation and the directional drilling equip-ment," and that the inventory of the described articles reflect the "value" thereof to be approximately $5,925,400.64.

Plaintiffs further alleged that Warner and the individual defendants caused a "balance sheet" of Acme Tool to be prepared and issued as of August 31, 1961 (attached as Exhibit C) reflecting the "purported value" of all assets of Acme Tool, and (further) that the balance sheet purported to reflect the "cost value" of the inventoried property and *including* the Oklahoma City store, the Canadian operations, and the directional drilling equipment to be $1,359,719.58.

Plaintiffs allege (as a calculated conclusion) that "There is a gigantic discrepancy of $4,565,681.06 between the inventory of $5,925,400.64 and the balance sheet of $1,-359,719.58" and further allege as follows:

"* * * and the said Exhibits B and C demonstrate and reflect a gigantic discrepancy in excess of $4,565,681.06 in the value of the said inventoried assets of defendant corporation and further reflect a concealment of the assets of defendant corporation from plaintiffs and other stockholders of defendant corporation. Plaintiffs further allege that such acts and conduct constitute a fraud practiced by defendant, William D. Warner,

and other individual defendants as officers and directors of said defendant corporation, and reflect a clandestine plan and scheme to defraud and cheat in the premises."

Plaintiffs pray that an accounting be had of all the assets of Acme Tool, and that Warner and the other individual defendants be required to "disgorge" any assets they might have belonging to Acme Tool.

In their second and third causes of action the plaintiffs adopt their prior allegations and respectively pray that the individual defendants be enjoined from selling or concealing any of such assets and for appointment of a receiver for Acme Tool.

Plaintiffs rely on the established rule of law that upon demurrer, the petition must be liberally construed, and all of its allegations of fact must be taken as true, together with all reasonable inferences therefrom, and that if any facts stated therein entitle plaintiffs to any relief, the demurrer should be overruled. Citing *Hollamon v. First State Bank of Stroud*, Okl., 389 P.2d 352.

Plaintiffs also rely on the proposition that minority stockholders may maintain an action in equity for appointment of a receiver for the property of the corporation and to require the officers to make an accounting, where the property of a corporation is being mismanaged or is in danger of being lost to the stockholders through mismanagement, collusion, or fraud of its officers and directors. Citing *Oklahoma Sheep & Cattle Co. v. Hastings*, 80 Okl. 109, 194 P. 223, and other authorities.

Defendants, in effect, do not dispute the above propositions of law, but contend the second amended petition fails to state a cause of action or any grounds for relief, for the reasons that the allegations are insufficient, that the allegations are ambiguous, and are merely conclusions unattended by allegations of fact to support them.

■ The plaintiffs allege their suit is a derivative action. We agree. The remedial rights of minority stockholders with respect to wrongs committed against the corporation by the officers and directors in the management of corporate affairs are derivative rights and any action taken by the stockholders to redress such wrongs must be for the benefit of the corporation. *Dobry v. Yukon Electric Co.*, Okl., 290 P. 2d 135.

■■ The suit must be upon a cause of action which could be enforced by the corporation if it so desired. The petition must allege a cause of action in favor of the corporation with the same detail of facts as would be proper if the corporation itself had brought the suit. It must contain definite and certain allegations of ultimate facts and not mere conclusions and broad statements of condemnation. Fletcher Cyclopedia Corporations, Vol. 13, § 5947, pp. 430–432, and § 6005, pp. 571–573; 18 C.J.S. Corporations § 573, p. 1295; 19 Am.Jur.2d Corporations, § 582.

■ The second amended petition states as a conclusion that the allegations reflect a concealment of the assets from the plaintiffs and constitute acts of fraud, and reflect a clandestine plan and scheme to defraud and cheat. These are allegations of actual fraud and charges the individual defendants with a dishonest purpose and an intent to deceive a party for the purpose of actually and knowingly defrauding him. *Abernathy v. Huston*, 166 Okl. 184, 26 P.2d 939, 945, and *Phillips v. Ball*, Okl., 358 P. 2d 193.

The sufficiency of a petition purporting to allege a cause of action for fraud is governed by well established rules.

■ In pleading fraud the acts constituting the fraud, or circumstances from which a conclusion of fraud must be drawn, must be stated with particularity. A mere allegation of fraud without detailing the facts upon which the charge of fraud is predicated is a mere conclusion. *Application of Irby (Irby v. City of Wilson)*, 205 Okl. 50, 234 P.2d 398, citing *Finley v. Riley*, 91 Okl. 58, 215 P. 950.

In the Finley case we stated that a petition seeking relief on the ground of fraud, without stating any precedent facts showing fraud, and without stating any precedent facts from which the inference of fraud necessarily and logically flows, fails to state a cause of action for the reason that the presumption is in favor of good faith.

■ The allegations that there was a concealment of assets, a fraud, and a clandestine plan to defraud and cheat, standing alone, are merely conclusions. It is well settled that a demurrer does not admit conclusions of fact or law unattended by allegations of fact to support them, and only admits facts well pleaded and the inferences or conclusions to be reasonably and logically drawn therefrom. Mosburg v. Parker, Okl., 376 P.2d 345, 347; State ex rel. Nesbitt v. Liberty National Bank and Trust Company of Oklahoma City, Okl., 414 P.2d 281, 284; Executive Committee of American Legion Dept. of Okl. v. Hardy, Okl., 300 P.2d 663.

In the present action the allegations of the majority stockholder status of Warner and the other individual defendants is hardly important, unless they are followed by allegations of actionable fraud and wrongdoing by the defendants, in which their majority status played a part. The second amended petition does not *affirmatively* allege, among other things, that the defendants have appropriated any of the assets of the corporation, that loss or damage has or would be sustained by the corporation, that any of the property inventoried is not still in the possession of the corporation, that the business judgment of the management of the corporation in the preparation of the inventory or balance sheet was tainted with fraud or mismanagement, or that either the inventory or the balance sheet is false or incorrect upon the bases upon which each was made. The inventory and the balance sheet are described and attached as exhibits, and the difference in the monetary figures is made the basis of the stated conclusion that these reflect a concealment of assets from the *plaintiffs*.

Plaintiffs allege the partial inventory was completed "prior to" *May, 1961*. We have made a rather detailed examination of the inventory (Exhibit B). It consists of several hundred pages and almost countless items of large and small merchandise, tools, pipe, parts and equipment, and in some instances *land* and *buildings* and *radio equipment* and office furniture located at 15 "stores" or branches of Acme Tool, located in 8 States in which Acme Tool operates, apparently in connection with the oil and gas industry. From the dates noted thereon it appears that, with one or two exceptions, the stores were inventoried in 1960 and the great majority in and about September, 1960. The second amended petition alleges the monetary figures set opposite each item was made on a "cost basis" and later alleged it was the "value" of the article. However, the inventory in general uses the term "price."

The balance sheet (Exhibit C) consists of one sheet and is dated *August 31, 1961*. It appears to be in the ordinary form of a condensed financial statement of Acme Tool reflecting its assets and liabilities on that date. Under "Assets" are listed, among other items, cash, U.S. Treasury Bills, accounts receivable, and inventory. Under "Property and Equipment" are listed the separate items of Land, Buildings, Leasehold Improvements, *Machinery & Equipment, Rental Machinery, Drill Pipe,* Furniture & Fixtures, Two Way Radios, and *Hand Tools*, with Cost and Depreciation Allowance of each item. Under "Liabilities" are listed Current Liabilities, Long Term Debt, and Stockholders' Equity.

It appears to us that, consistent with defendants' position, the inventory figures are based on the list "price" current at the time of taking the inventory, and that the figures in the balance sheet are actual cost when actually acquired (with depreciation) at some prior undisclosed time. In this respect the figures in the inventory and

those in the balance sheet are not comparable. Furthermore the balance sheet reflects conditions existing on August 31, 1961, which was almost a year after preparation of the inventory, and to make the conclusions or draw the inferences urged by plaintiffs would have required the court to ignore the business operations of the corporation and the consequent changes in its assets and liabilities that occurred in the interim period.

In any event the language of the second amended petition when considered with the inventory and balance sheet is ambiguous and doubtful. In Harrison v. Commander Mills, Inc., Okl., 298 P.2d 749, 751, we quoted with approval as follows:

"'3. In a case where a pleading is challenged before trial by demurrer, its language, where doubtful, will be construed against the pleader upon the ground that, as he selects the language, he should make his meaning clear.'"

Generally, a demurrer admits all facts well pleaded and all reasonable inferences deducible therefrom, but does not admit facts not pleaded. Burger v. Richards, Okl., 380 P.2d 687.

In Albert & Harlow, Inc. v. Fitzgerald, Okl., 389 P.2d 994, 996, we held that fraud is never presumed, but it must be affirmatively alleged and proven by the party who relies on it, and cannot be inferred from facts which may be consistent with honesty of purpose.

It is our conclusion that plaintiffs' second amended petition does not state a cause of action against the defendants and the lower court did not err in sustaining the demurrers.

Affirmed.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.

BLACKBIRD, J., concurs in result.