CITY OF GUTHRIE v. CHANDLER MCKENNON, *Administrator of the Estate of* FRANCIS R. MCKENNON, *Deceased.*

(Filed September 5, 1907.)

(91 Pac. 851.)

1. **JUDGMENT—Fraud—Vacation—Time for Application.** A judgement of a court of record, obtained and procured to be entered by reason of the fraud and deceit of the party benefited thereby, is voidable at the suit of the judgment debtor, which suit may be maintained under the provisions of section 18 of the Code (Wilson's Rev. & Ann. Stat. 1903, sec. 4216), within two years after the date of the discovery of the fraud.

2. **SAME.** The provisions of sections 562 and 569 of the Code, which limits the time in which a procedure thereunder may be instituted to reverse, vacate, or modify a judgment to two years from the date of the judgment, does not apply so as to estop the bringing of an equitable action to cancel a judgment on the ground of fraud within two years from the date of the discovery of such fraud.

3. **SAME—Pleading—Defective Petition.** In an action to set aside a judgment on the ground of fraud practiced in procuring the same, where the petition alleges and shows that judgment has been obtained upon a chose in action which the party obtaining such judgment did not at the time own, but that the same was owned and had been reduced to judgment by a third party, and where by such petition it is shown that the petition upon which the alleged fraudulent judgment was entered set out that such third party claimed some interest in the chose in action with reference to which the plaintiff was not fully advised, and prayed an order that such third party be impleaded and brought in, that the right of all the parties might be fully adjudicated, which petition was verified, such verification reciting the fact that the plaintiff was the owner of the chose, except such interest as such third party might have therein, **Held**, that such petition does not state a cause of action, because it appears therefrom that the plaintiff had notice of such facts and circumstances as would put a person of ordinary prudence upon inquiry, which inquiry would have disclosed the defense, if any, the defendant in such action might have.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, Trial Judge.*

Affirmed.

*James Hepburn, City Att'y,* and *Lawrence & Huston,* for plaintiff in error.

*J. C. Strang* and *Devereux & Hildreth,* for defendant in error.

Opinion of the court by

GILLETTE, J.: This action was commenced October 30, 1903, in the district court of Logan county, by filing in said court a petition setting forth facts which were relied on to support a judgment vacating and holding for naught another judgment of said court in favor of the defendant and against the plaintiff, city of Guthrie, which judgment so sought to be vacated was entered upon an agreed statement of facts, November 20, 1900, in the sum of $4,234.86. A demurrer was filed to the petition and sustained by the court February 16, 1904. Four days later, on February 20, 1904, an amended petition was filed, against which another demurrer was lodged and sustained February 13, 1905. The case comes to this court, praying judgment reversing the order of the lower court sustaining such demurrer.

It appears from the petition filed that the judgment complained of was based upon certain items of indebtedness of the city, which were allowed, and warrants issued to John E. Ford by a commission appointed and acting under and by force of an act of the legislature of December 5, 1890, entitled, "An act for the purpose of providing for the allowance and payment of the indebtedness heretofore created by the people of the cities of Guthrie, East Guthrie, West Guthrie and Capitol Hill, and now consolidated into the city of Guthrie" (St. 1890, §553), which items of indebtedness are numbered and described, and are shown by the petition to have been the items of indebtedness considered by the court in the rendition of the judgment now complained of;

it being alleged that John E. Ford during the lifetime of Francis R. McKennon sold said items to said McKennon, who afterwards died, and whose estate, at the suit of T. F. McKennon, administrator, recovered judgment for and on account of. The petition shows that on November 29, 1899, the Guthrie National Bank, in an action brought against the city of Guthrie, recovered judgment against the city of Guthrie upon the same items of debt that McKennon, as administrator, sued for and recovered upon November 20, 1900, a year subsequent to the judgment in favor of the bank for the same. The petition alleges: That the McKennon judgment was and is fraudulent and was fraudulently obtained, for that T. F. McKennon, at the time of bringing such suit as administrator, knew that the estate of Francis McKennon did not own such items of indebtedness. That Adelbert Hughes, city attorney of the city of Guthrie, confessed judgment against the city in favor of T. F. McKennon, administrator, relying upon the sworn statement of T. F. McKennon in the verification of plaintiff's petition and his verbal statement to the effect that Francis R. McKennon, deceased, was at the time of his death the owner and holder of such items of indebtedness, when in fact he was not so the owner of such items; but, believing the same to be true because of such representations, he entered into a written stipulation upon the filing of which the judgment complained of was entered, which, among other things, contains a stipulation as follows: "It is further stipulated that plaintiff herein is the owner and holder of the claims mentioned, set out and sued upon in this action." That when the said T. F. McKennon brought such suit against the city of Guthrie the mayor and members of the city council and the city attorney of the city of Guthrie were deceived by the sworn statement and allegations of said T. F. McKennon, in his said action against plaintiff, and by his oral and positive statements made to Adelbert Hughes, city attorney, and to others during the pendency of said action in court; and they relied upon and believed the allegations in said petition contained, and the

oral allegations of said T. F. McKennon, and had no reasonable cause or ground to believe otherwise until long after judgment had been entered upon said items in favor of said T. F. McKennon as aforesaid. The petition of T. F. McKennon set out and stated as follows: "Plaintiff avers that the Guthrie National Bank claims some interest in a portion of said claims, the exact nature of which the plaintiff is not able to state." And in the prayer for judgment it asks that the Guthrie National Bank might be impleaded and required to set up any claim it had upon the items of indebtedness sued upon. The verification of the petition by T. F. McKennon contained the following: "That he is the *bona fide* owner and holder of the claims described in the foregoing application and motion to the best of his knowledge and belief, except such interest, if any, as the Guthrie National Bank may have or hold in a portion of the said claims." The judgment complained of, and sought to be set aside, was entered upon the agreed facts, without making the Guthrie National Bank a party or requiring it to come in and set up its interest in said claims. That at the time the judgment was rendered in favor of T. F. McKennon a stipulation was entered into by counsel for said McKennon and the city attorney for said city which in terms set forth that said action was subject to appeal to the supreme court, but that it was to be held and considered by the parties as a pending action in the district court until a cause pending in the supreme court wherein the city of Guthrie was plaintiff in error and cne F. B. Lillie was defendant in error should be by the supreme court determined, and, when so determined, the determination of the supreme court should be entered in this case in all respects as though the same had been appealed to the supreme court; that is to say, if the Lillie case was affirmed by the supreme court, such affirmation should be entered and considered as an affirmation by the supreme court of the pending case, and a reversal would likewise operate as a reversal of the said action. The record shows that the case of the *City of Guthrie v. Lillie* was finally disposed of in

the supreme court, June 10, 1902, without judgment upon the merits of the appeal. The petition averred that the plaintiff was without adequate remedy, except in equity, and prayed for judgment vacating the McKennon judgment, and for an order staying and enjoining its enforcement by the said defendant McKennon.

Two questions are now presented for the consideration of this court: First, was this action at the time of its commencement barred by the statute of limitations? and, second, does the petition state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant? On behalf of the defendant in error it is urged that the two-year statute of limitations provided for in sections 569 and 562 of Civil Code (Wilson's Rev. & Ann. St. 1903, §§4767, 4760) governs the rights of the parties in this action, and that by reason of it the cause was barred at the time it was commenced. In response to this position of defendant in error the plaintiff in error presents two propositions—the first that, under the stipulation "that the cause should remain a pending action until the Lillie case was disposed of in the supreme court," such case not having been disposed of in the supreme court until June 10, 1902, the two-year statute had not run at the date of the commencement of this action, October 30, 1903; and, second, that the right of the plaintiff to bring this action was not governed exclusively by the provisions of sections 569 and 562 of the code, but rather by section 18, (Wilson's Rev. & Ann. St. 1903, §4216) which provides in substance that an action for relief on the ground of fraud shall not be deemed to have accrued until the discovery of the fraud, and shall be barred within two years thereafter; the petition alleging that the fraud complained of was not discovered until July 15, 1903.

As to the first proposition stated, the position of the plaintiff in error cannot be maintained. The judgment entered against the city and in favor of McKennon was so entered November 30, 1900, under the provisions of sections 569 and 562, and the pro-

cedure there provided, for the vacation of a judgment, the statute of limitations began to run when the judgment was entered, and the fact that it might be vacated or modified upon an appeal does not affect the running of the statute. Such statute began to run when the judgment was rendered, and the right to proceed under such statute was barred two years thereafter, and this time elapsed one year before this action was commenced. The stay of execution, provided for in the agreement entered of record to the effect that the judgment should abide the determination of the supreme court in the Lillie case, was equivalent to a precudure in error to reverse, vacate, or modify the judgment upon the grounds of error in the procedure by which it was obtained. Such agreement did not involve a question of fraud extraneous of the record, and therefore had no relation to or bearing upon the question of fraud practiced in obtaining the judgment. The statute under consideration provides that the limitations provided for shall begin to run from the date of judgment, and we think it did begin to run in this case November 20, 1900, *if* the right of the parties are to be measured by the limitations provided for in sections 569 and 562.

This brings us to the consideration of the second proposition of the plaintiff in error, to-wit, that the action may properly be sustained because of the fact that limitations upon actions of this kind do not begin to run against the right to maintain the same until after the discovery of the fraud. In this we think the plaintiff in error is correct. Sections 569 and 562 are provisions of the Code of Civil Procedure which relate to proceedings to reverse, vacate, or modify judgments or orders in the courts in which they are rendered. Under such statute and the proceeding provided for an affirmative judgment reversing, vacating, or modifying the judgment to which the proceeding relates would leave the action pending in the court for trial as it stood before the alleged fraudulent judgment was entered, or it would authorize the entry of some other judgment if, as a conclusion of the proceedings it

should be determined that the original judgment should be modi-fied; and a proceeding for such purpose, although based upon the ground of fraud in procuring the original judgment, must be com-menced within two years from the date of such judgment, or the proceeding will not lie. But that is not this case. This is an equitable action to cancel or enjoin the enforcement of an adverse right, upon the ground that it was fraudulently obtained; and we think it immaterial whether the right obtained by fraud and de-ception was a judgment which might be enforced against the per-son deceived and defrauded, or the acquiring by such means of title to specific real or personal property. The injury complained of amounts to the same thing. It is the deprivation of legal right and equity, and this action is brought for the purpose of can-celing a judgment or a right complained of as having been fraud-ulently obtained. The judgment prayed for seeks the absolute cancellation and nullification of the judgment complained of, on the ground of fraud, and was, therefore, a civil action, as con-templated by article 3 of the Code of Civil Procedure, and sub-division 2 of section 18 of said article, which provides that the same may be brought within two years after the discovery of the fraud, or, rather, that such cause of action did not accrue until the time of the discovery of the fraud, and might be brought with-in two years from that date. The petition alleges that the fraud or fraudulent transaction complained of was not discovered until July 15, 1903, and, the action having been brought October 30, 1903, it was brought within time under the provisions of this stat-ute, and was not barred by its limitations.

The demurrer under consideration challenges the sufficiency of the petition to constitute a cause of action, and, considering the allegations of the petition under this ground of the demurrer, we say generally that a party may have a good defense to an ac-tion, but, if he fails to make such defense when the case is called for trial, he will not be permitted to come in afterwards and say that the judgment was wrong, simply because he had a good de-

fense. On the other hand, if a party is prevented by fraud from making his defense, such fraud vitiates any right acquired. This brings us to a consideration of the petition with reference to the allegations of fraud therein contained, and the sufficiency of such allegations to justify an annulment of such judgment on account of the acts of fraud therein complained of.

The allegations of the petition hereinbefore stated and set forth, and which are relied on as sufficient to vitiate the judgment complained of, are, first, that T. F. McKennon knew, when he brought suit as administrator of the estate of Francis R. McKennon, that such estate was not at that time the owner of the items of indebtedness for the recovery of which judgment was asked; second, that the mayor and members of the city council, including the city attorney, were deceived by the sworn statements and allegations of the said T. F. McKennon in his said action, and by his oral and positive statements to Adelbert Hughes, during the pendency of said action, that he was in possession and control of the items of indebtedness sued on, and the owner of the same, which statements were false, and made for the purpose of deceiving the plaintiff and its officers, and did deceive them, and that by reason of the verified petition of said McKennon and his said declaration of ownership Adelbert Hughes, city attorney of said city, was deceived, and because of such deception entered into the stipulation under and by force of which the judgment was rendered, which stipulation among other things admitted the ownership by T. F. McKennon as administrator, of the items sued on. We are of the opinion that this is not a sufficient allegation of fraud to justify the annulment of a judgment entered in a cause upon a stipulation or agreement as to the facts in the case. We think that the declaration of a party litigant to the effect that he has a right to recover because of his ownership of the chose in action is not the practice of such deceit and fraud as is contemplated in the axiom that fraud vitiates and annuls any right acquired by it.

In the consideration of this matter, however, we are not left to the consideration alone of the bare allegations of the petition to the effect that the defendant was deceived by T. F. McKennon, for, turning to his (McKennon's) petition and verification of the same, shown by the record, we find the allegations such as to put a man of ordinary prudence upon his inquiry, for it is there averred "that the Guthrie National Bank claims some interest in a portion of the said claims, the exact nature of which the plaintiff is not able to state." And in the prayer for relief the interest of the Guthrie National Bank was noted in the following language: "Plaintiff further prays that, if it be necessary in order to fully determine the matters and things herein involved, the said Guthrie National Bank may be impleaded herein and required to set up any claim which it may have upon any of the said claims hereinbefore set out and referred to." And the verification of said petition by T. F. McKennon was as follows: "T. F. McKennon, being first duly sworn, upon his oath deposes and says that he is the administrator of Francis R. McKennon in the above entitled proceeding; that he is the *bona fide* owner and holder of the foregoing application and motion to the best of his knowledge and belief, except such interest, if any, as the Guthrie National Bank may have or hold in a portion of the said claims." Now, when we remember that the basis of this action is the fact, as alleged, that the Guthrie National Bank, at the time McKennon brought this action, had already reduced the items of debt claimed by McKennon to judgment, and it is because of that alleged fact that it is now sought to set aside the judgment of McKennon, we have before us, we think, not an actionable question of fraud, but rather a question of negligence, in which the one guilty of negligence is seeking relief from the legitimate result of his own acts, for the petition of McKennon upon which judgment was confessed gave notice of the possible adverse claim of the Guthrie National Bank, and the verification was modified to except the claims of the Guthrie National Bank, whatever they might be. To confess judg-

ment upon a petition containing such allegations precludes the plea that the confession was the result of fraud in claiming to be the owner of the items sued upon, when in fact they were owned by the Guthrie National Bank.

The courts from time immemorial have laid down the doctrine in fraud cases that what is sufficient to put a man of ordinary intelligence upon inquiry touching a particular fact is equivalent to the ultimate knowledge of the existence of such fact; and, tried by this rule, the city of Guthrie must be held to have had knowledge of the right of the Guthrie National Bank in the items sued on at the time judgment was confessed, and which judgment is now herein complained of. The allegations in and verification of the petition of McKennon, which was before the lower court at the time the demurrer was sustained to the petition herein, were, we think, sufficient to justify that court in sustaining a demurrer to the petition, which attempted to set up a cause of action upon the ground of fraud in procuring the judgment complained of. The following authorities are instructive upon this proposition: *Wood v. Carpenter*, 101 U. S. 141; *U. S. v. Throckmorton*, 98 U. S. 61; *Crim v. Handley*, 94 U. S. 652; *Andres v. Millard*, 70 Fed. 515; *Nevins v. McKee*, 61 Tex. 412; *Snow v. Mitchell* (Kan.) 15 Pac. 224; *Bronson v. Reynolds*, 77 Tex. 254; *Carolus v. Koch*, 72 Mo. 645; *Zellerback v. Allenburg*, 67 Cal. 296, 7 Pac. 908.

The judgment of the court below is affirmed.

Burford, C. J., who presided in the court below, not sitting; Irwin and Garber, JJ., absent; all the other Justices concurring.