## FINLEY v. RILEY.

No. 11276—Opinion Filed June 5, 1923.

1. **Judgment—Vacation for Fraud—Collusion of Attorneys—Sufficiency of Petition.**

A petition to vacate a judgment, under subdivision 4, sec. 810, Comp. Stats. 1921, for fraud and collusion of attorneys, which merely shows the filing of certain motions and the judgment of the court thereon, without stating any precedent facts showing fraud or collusion, and without stating any precedent facts from which the in-

ference of fraud or collusion necessarily and logically flows, fails to state a cause of action for the reason that the presumption is in favor of good faith, and this presumption is strengthened by a delay of nearly seven years in filing the petition to vacate.

## 2. Same—Laches—Limitation of Action.

Where the matters and things conplained of in a petition to vacate a judgment for fraud are of record, they impart such notice as to put an interested party on inquiry as to extraneous matters suggested by them, and if such avenues of inquiry are not pursued for nearly seven years, the two-year statute of limitation will bar an action thereon. The last clause of subdivision 3, sec. 185, Comp. Stats. 1921, is intended to aid the diligent and was not designed to remedy the natural consequences of laches.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; E. D. Oldfield, Judge.

Action brought by Robert Lee Finley, against F. M. Riley to vacate and set aside a judgment. Demurrer to plaintiff's amended petition sustained, and, plaintiff electing to stand upon said amended petition, judgment was entered dismissing the action, to reverse which this proceeding in error was commenced.    Affirmed.

In January, 1894, Anna Finley was the owner of lot 17 in block 22 of the original townsite of Oklahoma City, said property being located on the north side of Main street and about one-half way between Robinson and Broadway; on the 20th of January, 1894, Anna Finley joined by her husband, H. C. Finley, executed and acknowledged a warranty deed purporting to convey the above described property to Agnes Finley and Robert Lee Finley, their children, for the recited consideration of $9,000, and love and affection; on the 1st day of April, 1901, in cause No. 2865 in which Anna Finley and Henry C. Finley were plaintiffs, and Agnes Finley and Robert Lee Finley were defendants, judgment was rendered in the district court of Oklahoma county, which cancelled and set aside said conveyance upon the grounds, and for the reasons, that the same was without consideration, was never delivered or intended as a conveyance, and was recorded by mistake and inadvertence, and without the knowledge or consent of the said Anna Finley; on July 10, 1912, Robert Lee Finley commenced an action in the district court of Oklahoma county against F. M. Riley, H. C. Finley and Anna Finley to recover an undivided one-half interest in the above described property, and for partition of the same, and for an accounting for the rents and profits since October 16, 1901, said cause being No. 12379; this cause came on for trial on September 21, 1912, upon the motion of the defendant, F. M. Riley, for judgment upon the pleadings and the court thereupon rendered judgment sustaining said motion, dismissing the action with prejudice, and quieting the title to F. M. Riley upon his cross-petition as against Robert Lee Finley and all persons claiming by, through, or under him.    No appeal was taken from this judgment, and thereafter, on August 9, 1919, the present action was commenced by the plaintiff in error to set aside the judgment last above mentioned. In substance, the petition in the instant case alleged that Robert Lee Finley is the owner of the property above described, and that the judgment sought to be vacated was procured by fraud, in that his attorneys, Wright & Blinn, did not inform him either that an answer had been filed by F. M. Riley or that a judgment had been entered against him, and that he did not discover such facts until within thirty to sixty days before the filing of the instant case; it is upon this allegation of fraud that plaintiff in error relies to excuse his neglect in filing action until nearly seven years after the rendition of the judgment complained of.

To the petition of plaintiff in error, defendant in error filed a demurrer upon three grounds:—First, limitations; second, laches; and third, that petition does not state facts sufficient to constitute a cause of action

The court sustained this demurrer, and, plaintiff having elected to stand upon his amended petition, judgment was entered dismissing the action and this proceeding in error resulted.

For convenience the parties will be hereafter referred to as plaintiff and defendant as they appeared in the trial court.

J. Emmett Buckley, for plaintiff in error.

Everest, Vaught & Brewer, for defendant in error.

Opinion by LOGSDON, C.    Plaintiff assigns four grounds of error, as follows:

"First.    Said court committed error in sustaining the demurrer to the amended petition and rendering judgment sustaining the demurrer on the ground that said petition showed upon its face that the cause of action therein set out and stated is barred by the statute of limitation of the state of Oklahoma.

"Second. Said court committed error in sustaining the demurrer to the amended petition, and in rendering judgment sustaining the demurrer on the ground that said cause of action shows on its face that the cause of action therein attempted to be set out and stated is barred by the laches of the plaintiff.

"Third. Said court committed error in sustaining the demurrer to the amended petition of the plaintiff in error, and in rendering judgment sustaining the demurrer on the ground that said amended petition fails to state facts sufficient to constitute a cause of action against this defendant.

"Fourth. Said court committed error in rendering judgment, dismissing the cause of action of plaintiff with prejudice."

In the view taken of the case by this court it will not be necessary to consider these assignments separately, for the reason that each and all of them present a single question of law, to wit: Did the trial court err as a matter of law in sustaining the demurrer to plaintiff's petition?

The answer to this question will and must be determinative of this litigation.

This action was brought under section 5267, Rev. Laws 1910, subd. 4 (sec. 810, Comp. Stats. 1921, subd. 4), reading as follows:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: * * *

"Fourth: For fraud, practiced by the successful party in obtaining the judgment or order."

The allegations of fraud contained in plaintiff's petition herein are in the following language:

"Your plaintiff further states that the records show that on September 21, 1912, judgment was entered and rendered in said cause No. 12379 then pending in said court and in said county and state on motion of attorneys of record of your plaintiff, dismissing your plaintiff's cause of action with prejudice, and at plaintiff's cost. The record also shows that at the same time judgment was entered and rendered in said cause on motion of the defendant for judgment on defendant's answer for affirmative relief, ordering and decreeing title to be quieted in the defendant, F. M. Riley, as against your plaintiff, his heirs and assigns, and all persons claiming by, through or under him, and forever barring any of them from setting up title adverse to the defendant. And said judgment was O. K.'d as to form by your plaintiff's attorneys of record, and attorneys of record for the defendant, and judgment and journal entry was signed by Geo. W. Clark, judge of said court.

"Your plaintiff shows unto the court that a fraud was practiced upon your plaintiff and that by said fraudulent acts on the part of his attorneys of record in conspiracy with the attorneys of record for the defendant, and with the defendant, that by having said judgment rendered against your plaintiff, they knowingly and fraudulently tried to cover up and steal from your plaintiff possession and title to all of his real property described above, valued at $200,000, and defrauded your plaintiff out of rent, wrongfully collected by the defendant, of one-half of $20,000, honestly and justly due your plaintiff, and wrongfully withholds possession of the above described real property from your plaintiff and your plaintiff further states that the fraud. collusion, deceit and misrepresentation on the part of the attorneys of record in case No. 12379, is not a matter of record, and your plaintiff's attorney of record in said case No. 12379 in collusion with the attorney of record for defendant in said cause No. 12379 purposely and fraudulently deceived your plaintiff and concealed from your plaintiff said fraud; and said fraudulently procured, null and void judgment was rendered against your plaintiff in cause No. 12379, and that your plaintiff did not have good reason to believe or discover that said fraudulently procured judgment was rendered against your plaintiff, and did not have good reason to believe or discover that his attorney of record in collusion with the attorney of record for the defendant, had practiced a fraud upon your plaintiff by deceiving your plaintiff by false misrepresentation, by collusion with the attorney of record for the defendant; and your plaintiff did not know or discover or have good reason to know or discover said fraudulent acts on the part of the attorneys of record in said cause No. 12379 until thirty or sixty days before the filing of this petition or have good reasons to know or discover that said fraudulently procured null and void judgment in said case No. 12379 as shown by Exhibit No. 11, was entered and rendered against your plaintiff until 30 or 60 days before the filing of this petition."

It is elementary that in pleading fraud the acts constituting the fraud, or the circumstances from which a conclusion of fraud must be drawn, must be stated with particularity. A mere allegation of fraud, without detailing the facts upon which the charge of fraud is predicated, is a mere conclusion.

In the instant case plaintiff's petition shows that he was the plaintiff in the original action, the judgment in which is sought to be set aside in this proceeding. He

pitched that case in court, and the other party was brought in by reason of plaintiff's initiative. In obedience to the process of that court issued at the instance of plaintiff, the defendant came into court and filed his answer, which answer contained a cross-petition asking that title be quieted in the defendant. He thereafter filed a motion for judgment on the pleadings. After judgment in that action of September 21, 1912, plaintiff waited until August 9, 1919, to begin his present action.

It will be observed that the motion of plaintiff's attorneys in cause No. 12379 to dismiss his action is alleged by plaintiff to be a matter of record, as are also the answer and the motion of defendant in said cause for judgment on the pleadings. These things being matters of record, plaintiff was charged with notice thereof from the date of the judgment, and his failure to pursue the avenues of inquiry and information which were thus opened to him cannot be excused after nearly seven years by loose and indefinite allegations of fraud and collusion extraneous of the record, but which are merely conclusions of the pleader.

What was the fraud, and what was the collusion vitiating the judgment? Plaintiff's petition does not answer this question. But in his brief he says:

"For the purpose of the demurer they have admitted every statement alleged in the petition"

—and from this argues that the fact of fraud and the fact of collusion are both admitted. Such is not the rule. Upon demurrer a petition should be liberally construed, and all facts well pleaded stand as admitted. But the demurrer does not admit conclusions.

"While in construing a pleading for the purpose of determining its effect, its allegations will be liberally construed with a view to substantial justice between the parties, yet where, as here, the sufficiency of a petition is challenged by demurrer, this cannot be held to require that essential averments shall be construed into it, or that a necessary averment be supplied on inferences drawn from other facts alleged, unless such averment must logically and necessarily be inferred therefrom." Lusk et al. v. Porter, County Treasurer, 53 Okla. 301, 156 Pac. 224.

No facts are alleged which show, or from which the inference may be fairly drawn, that plaintiff's attorneys dismissed his petition for any other reason than that it was "to his best interest, and that plaintiff could not recover and did not have a cause of action". (Tr. p. 11.) They told him this, according to his petition in the case at bar. He then had two years within which to satisfy himself that their advice was either correct or erroneous. Evidently he made no inquiry and pursued no investigations within the two years.

Authorities cited and relied upon by plaintiff in his brief as to the sufficiency of his allegations of fraud are Richardson et al. v. Howard, 51 Okla. 240, 151 Pac. 887; City of Guthrie v. McKennon, 19 Okla. 306, 91 Pac. 851; Baldridge et al. v. Smith et al., 76 Okla. 36, 184 Pac. 153.

The first case above cited was a proceeding to vacate a judgment based upon service by publication, the motion therefor being filed during the term at which the default judgment was taken. It is true that Judge Thacker discussed the proceeding provided for in subdivision 4 of sec. 810, supra, but it was only incidentally, and had no controlling effect upon the decision in that case. However, he did say that under this latter provision one seeking relief from a judgment must be "free from negligence either in the matter of discovering the fraud or in proceeding to obtain relief therefrom."

In the City of Guthrie v. McKennon, supra, the allegations of fraud in procuring the judgment read:

"That T. F. McKennon knew, when he brought suit as administrator of the estate of Francis R. McKennon, that such estate was not at that time the owner of the items of indebtedness for the recovery of which judgment was asked; second, that the mayor and members of the city council, including the city attorney, were deceived by the sworn statements and allegations of the said T. F. McKennon in his said action, and by his oral and positive statements to Adelbert Hughes, during the pendency of said action, that he was in possession and control of the items of indebtedness sued on, and the owner of the same, which statements were false, and made for the purpose of deceiving the plaintiff and its officers, and did deceive them, and that by reason of the verified petition of said McKennon and his said declaration of ownership Adelbert Hughes, city attorney of said city, was deceived, and because of such deception entered into the stipulation under and by force of which the judgment was rendered which stipulation among other things admitted the ownership by T. F. McKennon as administrator, of the items sued on."

In reference to these allegations the court said:

"We are of the opinion that this is not a sufficient allegation of fraud to justify the annulment of a judgment entered in a cause upon a stipulation or agreement as to the facts in the case."

Again the court said:

"The courts, from time immemorial, have laid down the doctrine in fraud cases that what is sufficient to put a man of ordinary intelligence upon inquiry touching a particular fact is equivalent to the ultimate knowledge of the existence of such fact."

In Balbridge et al. v. Smith et al. supra, this court had before it a proceeding in equity commenced in the district court by cross-petition in a pending action, seeking to vacate and annul an order of confirmation in a probate sale in the county court on the ground of fraud. The instant case is a proceeding under the statute, brought in the district court to vacate a judgment rendered by that court on the grounds of fraud and collusion.

The other statute applicable to this proceeding is section 185, Comp. Stats. 1921, and subdivision 3 thereof, reading as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards. * * *

"Third: Within two years. An action for trespass upon real property; an action for taking, detaining or injuring personal property; an action for injury to the rights of another; not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud * * * the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

The construction placed upon the last clause of the above section by this court in a number of cases is conclusive against plaintiff upon the question of diligence in discovering the alleged fraud and collusion, and in prosecuting this proceeding.

"The phrase 'until discovery of the fraud,' in the third paragraph of the section 4216, Wilson's Rev. and Ann. St. 1903, does not necessarily mean until the party complaining had actual notice of the fraud alleged to have been committed, for constructive notice of the fraud is sufficient to set the statute in motion, even though there may be no actual notice. Where the means of discovery lie in public records, required by law to be kept, which involve the very transaction in hand, and the interests of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud to set the statute in motion." Board of Com'rs. of Garfield County v. Renshaw, 23 Okla. 56, 99 Pac. 638.

As is very pertinently said in Crouch et al. v. Crouch et al., 59 Okla. 182, 158 Pac. 575:

"The provisions of the statute invoked by plaintiffs in this proceeding were not designed as remedial of the natural consequences of laches."

See, also, Stauffer v. Watts, 73 Oklahoma, 174 Pac. 1031; Board of County Commissioners of Oklahoma County v. Barber Asphalt Paving Co., 83 Okla. 54, 200 Pac. 990.

The judgment of the district court of Oklahoma county sustaining the demurrer to plaintiff's petition should be in all things affirmed.

By the Court: It is so ordered.