## McKEE v. McKEE.

No. 24083. April 23, 1935.

John H. Todd (Moss, Breckinridge & Young, on the brief), for plaintiff in error.

Felix Duvall and Ridings & Drennan, for defendant in error.

PER CURIAM. This action is an appeal from the district court of Kay county, Okla. The plaintiff in error, Eunice McKee, was plaintiff below, and the defendant in error, Sam H. McKee, was defendant in the court below, and the parties will be referred to herein as plaintiff and defendant in the respective positions which they occupied in the trial court.

The second amended petition alleges in substance that plaintiff and one Howard C. McKee, son of the defendant in error, Sam H. McKee, were married March 19, 1926; that a son was born as the result of said marriage; that plaintiff in error and Howard McKee lived happily together until the latter part of the year 1927. The petition further alleges that defendant, Sam H. McKee, was wealthy, furnished plaintiff and her husband with a home, as well as large sums of money for their support. That during the year 1927, defendant experienced a change of feeling towards plaintiff and caused her husband, Howard McKee, to demand of plaintiff that she secure a divorce from him because his father, defendant in error, was threatening to cut off his allowance and withdraw his support; that such an action was filed, and on the 2nd day of October, 1928, plaintiff and her husband, Howard McKee, were granted a divorce, and plaintiff was awarded $10,000 and certain personal effects as a property settlement, which award was paid by defendant, Sam H. McKee.

The petition further alleges that prior to the entering of the judgment of divorce, and subsequent thereto, plaintiff and her husband, Howard McKee, entered into an agreement that they would live together as husband and wife, and that they entered into a common-law marriage, and did continue to live together until a short time prior to the month of July, 1930, the exact date being unknown to the plaintiff, when the defendant thereupon came to her and demanded of her that she let his son, Howard McKee, who was her husband, alone; that if she did not do so, he would cause her serious trouble and send her to the penitentiary, and that he would never let up until he took Howard away from her, but that plaintiff and her husband, Howard McKee, continued to live together until July, 1930, at which time the said Howard McKee did leave her, and that same was caused by the acts and conduct of the defendant in this case, and that by reason thereof she suffered damages on account of the alleged alienation of affections and loss of society and consortium of her said husband.

The petition also states that during the period of time plaintiff lived with her husband, Howard McKee, under the arrangement of their common-law marriage, they suffered from fear that the defendant would find out and ascertain the facts concerning such common-law marriage arrangement, but throughout the petition it appears from the allegations thereof that defendant, Sam H. McKee, evidently knew of such common-law marriage arrangement, and threatened her, as above set out, if she did not leave her husband, Howard McKee, the son of the defendant, alone.

Attached to the petition is a copy of the marriage settlement contract entered into at the time of granting the divorce, which purports to release her husband, Howard McKee, and the members of his family, without naming them, from further liability to her in consideration of the property settlement.

A motion to strike was filed, and a motion to separately state and number causes of action, which were both overruled. The second amended petition was filed in the district court of Kay county, Okla., on May 2, 1932. Subsequently, a demurrer to the second amended petition was filed June 15, 1932, assigning three grounds for demurrer, the first being improper joinder of causes of action; the second, that said amended petition was not sufficient to constitute a cause of action; and third, the ground of the demurrer being that the cause of action, if any, was barred by the statute of limitations. On the 15th day of June, 1932, the trial court sustained the

demurrer on the ground that the petition did not state facts sufficient to constitute a cause of action. Plaintiff elected to stand upon the petition, and brings this case to this court for review.

The petition in error contains three assignments of error, which are, in effect, the same thing, to wit: That the court erred in sustaining the demurrer of the defendant in error to the second amended petition of the plaintiff in error, and said three assignments will be treated as but one assignment of error.

Evidently the court did not hold that the petition contained several causes of action, and for that reason was a misjoinder of causes of action, for no order is made by the court so finding and permitting the plaintiff to file several petitions on her several causes of action. This is required when a demurrer is sustained on account of a misjoinder. Section 204, O. S. 1931, is as follows:

"When a demurrer is sustained, on the ground of misjoinder of several causes of action, the court, on motion of the plaintiff, shall allow him, with or without costs, in its discretion, to file several petitions, each including such of said causes of action as might have been joined; and an action shall be docketed for each of said petitions, and the same shall be proceeded in without further service."

The rule is also announced in Whitely et al. v. St. Louis, E. R. & W. Ry. Co., 29 Okla. 63, 116 P. 165, the rule of law being announced by this court in paragraph 3 of the syllabus, which is as follows:

"In sustaining a demurrer to a petition on the ground of misjoinder of causes of action, it is the duty of the court to so state, and afford plaintiffs an opportunity to file several petitions, as provided by Wilson's Dig. Okla. sec. 4296. On failure so to do, this court will not presume a demurrer to have been sustained on that ground, where other grounds are alleged upon any one of which the court could have based its action."

In this connection, with reference to the contention that there was a misjoinder of causes of action, the second amended petition of the plaintiff does not declare upon two causes of action, but alleges a series of events and a course of conduct on the part of the defendant, beginning in 1926 and ending about the month of July, 1930, and seeks damages for the alleged separation and loss of society and consortium which is alleged to have occurred about the month of July, 1930.

We hold that such a petition does not constitute a claim upon several causes of action, but that such allegations are mere recitals of a continuous course of conduct, and that the petition declares upon and states but one cause of action.

It appears that the amended petition was filed on May 2, 1932, and within two years from the date of the final separation in July, 1930, which occurred between the plaintiff and Howard McKee, son of the defendant.

The judgment of the court sustaining the demurrer does not set forth that the trial court held the action to be barred by the statute of limitations. The action having been commenced within the two-year period of time prescribed by the third subdivision of section 101, O. S. 1931, is not barred by the statute of limitations, and the trial court in the judgment sustaining the demurrer which appears at page 21 of the transcript, or case-made, did not hold that the action was barred.

This leaves but one question to be considered by this court, to wit: Does the petition state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant?

In the case of Overton v. Overton, 121 Okla. 1, 246 P. 1095, at page 2 of the Oklahoma Reports, the court defined the elements of an action for alienation of affections in the following words:

"The gist of an action for alienation of affections is the loss of society, affection, assistance, conjugal fellowship and consortium. Brown v. Brown, 104 Okla. 206, 230 P. 853; Farneman v. Farneman, 46 Ind. App. 453, 90 N. E. 775, 91 N. E. 968; Murray v. Postal T. & C. Co., 210 Mass. 188, 96 N. E. 316, Ann. Cas. 1912C, 1183. The statute of limitations begins to run in such cases from the date of the loss of consortium (Wolle v. Luckenbach, 26 P. Dist. R. 907), which, as stated in 30 C. J. 1128, may be when plaintiff separates from the alienated spouse."

It will be observed that in the above language the court held the basis for the action is the loss of society, affection, assistance, conjugal fellowship, and consortium, and that the period of limitations runs from the date of the loss of consortium. We might go further and cite additional authorities, but this court has passed upon these questions and laid down the rule of

law in the Overton Case, which we now approve and follow. The petition contains all the necessary averments alleging facts showing the conduct of the defendant leading up to and resulting in the loss of consortium, and under this rule states a cause of action.

On a demurrer to a petition on the ground that it does not state facts sufficient to constitute a cause of action, such petition must be liberally construed and its allegations accepted as true for the purpose of the demurrer, and this court has so held in Danciger v. Isaacs, 82 Okla. 263, 200 P. 164; Fireman's Fund Ins. Co. v. Box, 123 Okla. 113, 252 P. 433; Shaffer Oil & Ref. Co. v. Thomas, 120 Okla. 253, 252 P. 41.

"Where a pleading states any facts upon which the pleader is entitled to any relief under the law, a general demurrer should not be sustained thereto." Bishop-Babcock-Becker Co. v. Estes Drug Co. et al., 63 Okla. 117, 163 P. 276.

For the reasons above set out, we therefore hold that the learned trial court committed error in sustaining the demurrer to the petition, and this cause is reversed for further proceedings in the trial court.

The Supreme Court acknowledges the aid of Attorneys W. B. Garrett, E. E. Gore, and Jno. B. Wilson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Garrett and approved by Mr. Gore and Mr. Wilson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.