## CARAWAY v. OVERHOLSER et al.

No. 27244. March 8, 1938.

Rehearing Denied March 29, 1938.

358

I. L. Harris and Ted R. Elliott, for plaintiff in error.

Kathryn Van Leuven, for defendants in error.

RILEY, J. Two cases, Foster v. Overholser et al., No. 50760, and Ella Overholser v. Caraway et al., No. 67595, from the district court of Oklahoma county, were consolidated and are considered together on this appeal.

In the former case, filed July 30, 1926, W. C. Foster sought to quiet title to lots 21 and 22, Overholser and Avey's addition to Oklahoma City. Personal service of summons was had upon Ella Overholser, who filed an answer. The case was regularly set for trial on April 6, 1928, and judgment was rendered quieting title in Foster.

Foster conveyed his title to Irene Otto, and by various mesne conveyances title became vested in John F. Caraway February 20, 1931. Shortly thereafter Caraway began the construction of a $20,000 apartment house on the lot. On February 28, 1931, Ella Overholser began an independent action, Overholser v. Caraway et al., No. 67595, seeking an injunction preventing the construction of the apartment house and asking that title to said lots be quieted in her.

On March 4, 1931, Ella Overholser filed a motion to vacate judgment in Foster v. Overholser et al., No. 30760, on the ground that the tax deed on which Foster's title was quieted was void and the judgment was obtained by fraud.

Caraway will be referred to as defendant-respondent and Ella Overholser will be referred to as plaintiff-movant.

On March 9, 1931, both cases were tried before Special Judge V. E. Stinchcomb, and judgment was rendered against plaintiff-movant in both cases.

The court reporter died before case-made was prepared and new trial was granted.

The cases were then consolidated and defendant-respondent filed a motion for judgment on the pleadings, which was sustained, but later overruled. The cases were tried again before Judge R. P. Hill, January 23, 1935, and judgment rendered setting aside the original judgment of April 6, 1928, and quieting title in plaintiff-movant.

Defendant-respondent urges the court erred in vacating the judgment of April 6, 1928. With this we agree.

Section 556, O. S. 1931, states nine grounds on which a district court may modify or vacate its own judgments or orders at or after the term at which the judgment or order was made. The subdivisions of said section herein concerned are:

"3. For * * * irregularity in obtaining a judgment or order.

"4. For fraud practiced by the successful party, in obtaining the judgment or order."

Proceedings under subdivision No. 3 shall be by motion. Section 557, O. S. 1931. Proceedings under subdivision No. 4 "shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action." Section 558, O. S. 1931.

Section 563, O. S. 1931, provides that proceedings under subdivision No. 4 of section 556, above, "* * * must be commenced within two years after the judgment was rendered or order made. * * * Proceedings for the causes mentioned in subdivision three * * * of the same section, shall be within three years * * * after the defendant has notice of the judgment. A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

In Crowther v. Schoonover, 130 Okla. 249, 266 P. 777, it was said:

"The provision of the statute that a void judgment may be vacated at any time on motion applies only when the invalidity of the judgment appears on the face of the judgment roll."

The judgment roll in this case consists of the petition, service, answer, and judgment. Mitchell v. White, 106 Okla. 218, 233 P. 746.

A judgment is void on its face when the judgment roll affirmatively shows that the trial court lacked either, (1) jurisdiction over the person; (2) jurisdiction over the subject matter; or (3) judicial power to render the particular judgment. Morgan v. Karcher, 81 Okla. 210, 197 P. 433.

The petition alleged the plaintiff (Foster) was owner in fee and in actual, undisturbed possession of the premises in controversy, described them; that the defendants claimed an interest adverse to the plaintiff, which claims are without merit, unfounded and inferior to plaintiff's title, and prayed that title be quieted in plaintiff. This sufficiently states a cause of action. Hurst et al. v. Hannah, 107 Okla. 3, 229 P. 163.

The sheriff's return shows personal service upon Ella Overholser by which the court acquired jurisdiction. Furthermore, Ella Overholser filed her answer in the cause, which of itself was sufficient to give the court jurisdiction.

The journal entry recites that the court found due and legal personal service of summons was had upon Ella Overholser; that she had entered her appearance therein; that after the plaintiff introduced his evidence and hearing argument of counsel, the court found the allegations of plaintiff's petition were true; and that the plaintiff was the owner in fee and in the exclusive, adverse and undisturbed possession of the premises. Judgment was then rendered quieting title in plaintiff Foster.

That a district court has jurisdiction of an action to quiet title to real estate and judicial power to render a judgment quieting title under the circumstances reflected by the record in this case is so well settled the citation of authorities is unnecessary.

We conclude that the judgment roll does not affirmatively show the judgment is void, and motion to vacate the same will not lie as provided by section 563, O. S. 1931.

Plaintiff-movant sought to vacate the judgment by an instrument denominated a motion, but summons was issued and served as provided in section 558, O. S. 1931. She now contends the instrument is, in substance a petition, and should be so considered. Assuming, without deciding, that this instrument complies with the requirements in this respect and states grounds for relief, we conclude that this judgment cannot be vacated under section 556, subdivision 4, O. S. 1931, supra, because of the two-year limitation contained in section 563, supra. Judgment was entered April 6, 1928. Over two years had elapsed when plaintiff-movant began her proceedings to vacate the judgment on March 4, 1931.

Plaintiff-movant in her brief states that she pleads irregularity in obtaining this judgment, but does not set out what the "irregularity" consists of, nor does she cite any authority which brings this case within the provisions of section 556, subdivision 3. The contention is untenable under the rule stated in Vann et al. v. Board of Education, Town of Lenapah, 102 Okla. 286, 229 P. 433.

Plaintiff-movant's above motion to vacate the judgment states "the fraud * * * was not discovered by the defendants until within the last few months."

Section 101, O. S. 1931, provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued and not afterwards; * * * Third. Within two years * * * an action for relief on the ground of fraud— the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

In City of Guthrie v. McKennon, Adm'r, 19 Okla. 306, 91 P. 851, the first two paragraphs of the syllabus state:

"A judgment of a court of record, obtained and procured to be entered by reason of the fraud and deceit of the party benefited thereby, is voidable at the suit of the judgment debtor, which suit may be maintained under the provisions of section 18 of the Code (Wilson's Rev. & Ann. St. 1903, section 4216, sec. 101, O. S. 1931), within two years after the date of the discovery of the fraud.

"The provisions of sections 562 and 569 of the Code (Wilson's Rev. & Ann. St. 1903, secs. 4760, 4767, secs. 556 and 563, O. S. 1931), which limit the time in which a procedure thereunder may be instituted to reverse, vacate, or modify a judgment to two years from the date of the judgment, does not apply, so as to estop the bringing of an equitable action to cancel a judgment on the ground of fraud within two years from the date of the discovery of such fraud."

On first impression it would appear that plaintiff-movant's allegations are within the statute. But in Board of Com'rs of Garfield County v. Rensha, 23 Okla. 56, 99 P. 638, it was said:

"The phrase 'until discovery of the fraud', in the third paragraph of section 4216, Wilson's Rev. & Ann. St. 1903, does not necessarily mean until the party complaining had actual notice of the fraud alleged to have been committed, for constructive notice of the fraud is sufficient to set the statute in motion, even though there may be no actual notice. Where the means of discovery lie in public records, required by law to be kept, which involve the very transaction in hand, and the interests of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud to set the statute in motion."

See, also, Stauffer v. Watts, 73 Okla. 68, 174 P. 1031; Finley v. Riley, 91 Okla. 58, 215 P. 950.

The judgment which plaintiff-movant seeks to vacate mentions the tax deeds executed and delivered to W. C. Foster. The tax deed was filed of record May 18, 1928, and recited on its face that it was based on tax certificates Nos. 771 and 772. If these certificates were canceled by resale of the property in 1924, this likewise appeared of record. These public records were sufficient constructive notice to start section 101, O. S. 1931.

Defendant-respondent next contends that the court erred in giving plaintiff-movant any relief under her independent action filed February 28, 1937, wherein she sought an injunction against the construction of an apartment house and judgment quieting title to the premises. With this we agree.

By the above reasoning we have concluded that the judgment in No. 50760 is valid and binding on plaintiff-movant, Ella Overholser, and that she cannot maintain her proceeding to vacate. A fortiori she cannot now maintain her independent action No. 67595.

In McDuffie v. Geiser Mfg. Co. et al., 41 Okla. 488, 138 P. 1029, it was held:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action."

The case is reversed, with directions to enter judgment dismissing the motion of Ella Overholser to vacate the judgment in No. 50760, and to enter judgment for defendants Caraway et al. in case No. 67595.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, and DAVISON, JJ., concur. HURST, J., absent.