HARRISON v. TEXAS CO. et al.

No. 28053.    May 7, 1940.

Rehearing Denied Sept. 19, 1940.

Application for Leave to File Second Petition for Rehearing Denied October 29, 1940.

*106 P. 2d 1110.*

McCoy, Craig & Pearson, of Pawhuska, for plaintiff in error.

J. H. Hill, John R. Ramsey, B. W. Griffith, and Sol H. Kauffman, all of Tulsa, and Hamilton & Kane, of Pawhuska, for defendants in error.

Harry T. Klein, of New York, N. Y., of counsel, for defendant in error Texas Company.

OSBORN, J. This action was instituted in the district court of Osage county by Ben Harrison, hereinafter referred to as plaintiff, against the Texas Company, R. N. Truscott, and L. V. Bass to recover damages for injury to 320 acres of land. The cause was tried to a jury. At the conclusion of plaintiff's evidence the court sustained demurrers to the evidence in favor of defendants Truscott and Bass, and submitted the cause to the jury as against the defendant the Texas Company. A verdict was returned in favor of defendant, and plaintiff has appealed.

Plaintiff alleged that he was the owner of 320 acres of land which was used in connection with 560 acres of other land owned by himself and other members of his family as a ranch for grazing cattle; that defendant Texas Company owned an oil and gas mining lease covering the land owned by plaintiff and other land in the same section and had been conducting oil mining operations thereon since the year 1928; that said de-

fendant had produced great quantities of salt water and other deleterious and poisonous substances which it had permitted to escape and flow over the surface of the plaintiff's land into the fresh water, to sink into the soil, permeate the sand and fresh water strata beneath the surface; had injected such poisonous substances into an old well, from which it escaped, which resulted in impregnating the fresh water strata underneath plaintiff's land and had thereby caused permanent damage thereto; that it had permitted some person or persons to fence off 100 acres near the center of said land, taking in the natural drainage and the natural water supply, thereby fencing plaintiff's land into two parts so as to permanently damage the same for ranch purposes.

Among other defenses defendant pleaded the two-year statute of limitations. Plaintiff complains of the giving of instruction No. 5, which is, in part, as follows:

"You are instructed that if you believe from the evidence and so find that the plaintiff's lands became permanently injured or damaged in the manner and form as alleged in his petition as a result of salt water or other deleterious substances escaping from the defendant's oil operations, but if you further find from the evidence that such damages, if any, were sustained by the plaintiff on or before the 11th day of October, 1932, and that it became obvious on or before the last-named date that such damages, if any, had been sustained and were permanent in character, then the plaintiff's cause of action therefor is barred by the statutes of limitation, and he cannot recover in this cause of action."

It appears that on July 10, 1934, this plaintiff, Ben Harrison, Minnie Harrison, and Ben H. Harrison commenced an action in the district court of Osage county alleging that they owned approximately 880 acres of land, which includes the 320 acres involved in this action, which they claimed was permanently injured and damaged by the same acts of the defendants as alleged in the petition in the instant case. A motion was filed by the defendant Texas Company to require the plaintiffs to make their petition more definite and certain. In presenting said motion, it was pointed out that plaintiff Ben Harrison was the sole owner of 320 acres of the land involved in that action, and that there was a misjoinder of parties and a misjoinder of causes of action. The trial court held that there was a misjoinder of causes of action and ordered that "plaintiffs be required to frame their pleadings and so state their causes of action that there would be no misjoinder here." On October 11, 1934, plaintiff complied with the order. The first paragraph of the petition upon which the cause was tried is, "Comes now the plaintiff in compliance with the order of the court in case No. 15588 to separate the causes of action, and for his cause of action against the defendants and each of them alleges and states."

Section 204, O. S. 1931, 12 Okla. Stat. Ann. § 270, provides:

"When a demurrer is sustained, on the ground of misjoinder of several causes of action, the court, on motion of the plaintiff, shall allow him, with or without costs, in its discretion, to file several petitions, each including such causes of action as might have been joined; and an action shall be docketed for each of said petitions, and the same shall be proceeded in without further service."

In sustaining a demurrer to a petition on the ground of misjoinder of causes of action, it is the duty of the court to so state, and afford plaintiff an opportunity to file several petitions as provided by the statute. Whitely v. St. Louis, E. R. & W. Ry. Co., 29 Okla. 63, 116 P. 165; Coody v. Coody, 39 Okla. 719, 136 P. 754, L. R. A. 1915E, 465; Gardner v. Rumsey, 81 Okla. 20, 196 P. 941, 25 A. L. R. 1411; McKee v. McKee, 172 Okla. 35, 43 P. 2d 1041. While in this case, a motion, instead of a demurrer, was filed, yet the court made an order thereon which was complied with by plaintiff, and we will treat the order as same was treated by the trial court and the parties. It is noted that the only discretion vested in the trial court relates to payment of costs. It is required by the statute that the court permit the

filing of several petitions, and "the same shall be proceeded in without further service." Since the necessity for the issuance and service of summons is obviated, we are impelled to the conclusion that the cause of action was commenced with the filing of the original petition. It necessarily follows that plaintiff would be entitled to recover whatever damages might have been sustained within two years prior to that date, and that the above-quoted instruction was erroneous.

The judgment of the trial court is affirmed as to R. N. Truscott and L. V. Bass, and as to the Texas Company the cause is reversed and remanded, with directions to grant a new trial.

BAYLESS, C. J., and HURST, DAVISON, and NEFF, JJ., concur. WELCH, V. C. J., and RILEY and GIBSON, JJ., dissent. CORN, J., absent.