Application of IRBY et al.

IRBY et al. v. CITY OF WILSON.

No. 33945.     June 12, 1951.

Rehearing Denied July 17, 1951.

*234 P. 2d 898.*

Shilling & Shilling, Ardmore, for plaintiffs in error.

George & George, Ardmore, for defendant in error.

GIBSON, J. On March 6, 1943, the district court of Carter county, upon application of plaintiffs in error, rendered a final decree vacating a portion of what was known as Marcum addition to the town, now city, of Wilson, Carter county, Oklahoma. On January 20, 1948, said city instituted action by petition filed in said proceeding to vacate said decree. Said applicants, who were made defendants therein, demurred thereto. The demurrer was overruled and defendants, having elected to stand thereon, the court entered its judgment vacating said decree of March 6, 1943, and defendants appeal therefrom. The appeal is on transcript, and assigned as error is the action of the court in overruling the demurrer and rendering the judgment.

The grounds for relief sought to be alleged in the city's petition are absence of jurisdiction in the court to render the decree and fraud in the procurement thereof. And therein is further alleged that the city had a valid defense thereto. The demurrer attacks the sufficiency of the allegations in each respect. Being of opinion the demurrer is well taken against the grounds alleged for relief, but not as against the validity of the defense alleged, we will consider only the sufficiency of the petition in that respect.

The material parts of the petition are the following:

"(2) That this court was without jurisdiction to render said decree for the following reasons, to wit:

"(a) That no proper notice was ever given and published of the intention to apply for said decree as required by Oklahoma Statute in such cases made and provided.

"(b) That the petitioner N. E. Ticer, was at the time of the filing of the petition for and the entry of said decree the regularly employed City Attorney of the City of Wilson; that it was his bounden duty to appear for and represent said City in resisting said petition, which the said Ticer neglected and failed to do; and that said City was therefore not represented in said proceedings, in which the interests of said City were adverse to those of the petitioner therein.

" . . .

"(3) That the action of the applicants for the aforesaid decree of March 6, 1943, as related above, amounted to a fraud upon the City of Wilson and its inhabitants; and that the said N. E. Ticer was without legal power or authority to appear and represent the applicants in said proceeding as against his employer and client, the City of Wilson.

"(4) Petitioner further says that the governing city officials of the City of Wilson at the time either had no notice of knowledge of the filing of said application or the entry of said decree in time to avoid or prevent the same or they acted in collusion with the applicants, to the detriment of the City of Wilson and its inhabitants; and that such condition continued up until there was a change in city administration during the month of May, 1947."

Tit. 11 O.S. 1941 §523, on authority of which the addition was vacated, provides:

"If the owner or owners of any tract of land platted for town or city purposes, or the owner, or owners, of any portion of such platted tract shall be desirous of vacating the whole or some part thereof, such owner, or owners, shall give notice in writing of such intended application by posting notice thereof in two public places in the town or city or on the townsite affected thereby, and by publication in some newspaper of general circulation in the county where such land is situated, if there be one, at least thirty days prior to the time when such application will be presented to the court to which such owner, or owners, intend to make application. The municipal authorities, if such land be within an incorporated city or town, and if not, any owner of any lot or lots within such platted lands may appear and oppose and resist such application by filing a verified showing of the grounds therefor, and giving security for the payment of any costs that may be adjudged against such objectors."

With reference to the notice the decree recites:

" . . . and it appearing to the court that due and proper notice has been given of the hearing of this application ˑt least thirty days prior hereto, by posting notices in two public places in said county and in the City of Wilson, and by publication in the Ardmore Democrat, a newspaper of general circulation in said Carter County, Oklahoma, . . ."

Relied on as establishing the alleged absence of notice is the contention that one publication in the newspaper thirty days prior to the hearing is not sufficient to satisfy the statute. For the purpose of the contention the statute is construed as requiring that the publication should have been continued throughout the thirty-day period. It is recognized that the statute has not been construed by this court and as supporting such construction there is ·quoted as follows from State ex rel. Webber v. Shaw, 103 Ohio St. 660:

"The language of the statute is, 'by publication for ten days in some newspaper printed in the county where the corporation is situated.' It will be seen that the statute does not require ten-days notice of the meeting, or that the notice be given ten days before the meeting, but requires 'publication for ten days.' This clearly means that the publication is to continue for the period of ten days, and if the paper had been a daily paper it could only continue by keeping the notice in the paper during the entire period of ten days, which would mean ten different insertions."

Defendants contend that the words "and by publication in some newspaper of general circulation in the county where such land is situated, if there be one, at least thirty days prior to

the time when such application will be presented," as used, negative the idea of continuous publications, that the reasoning of the Ohio case is to such effect and, as also to such effect, there is quoted as follows from Whitaker v. Beach, 12 Kan. 492 [reprint 381]:

" . . . The statute requires public notice 'for at least thirty days before the day of sale' by advertisement, etc. The question turns upon the force of the word 'for' in the language quoted. It seems to us to be nearly equivalent to the word 'during.' Such is a common signification of the word, and unless it have that meaning here it is entirely superfluous. If the Legislature intended that a single insertion in the paper should be sufficient, they would have expressed this intention much more clearly by omitting 'for,' and saying only 'at least thirty days.' "

The weight of the authorities cited is to the effect that the one publication had herein satisfied the requirements of the statute and thus are persuasive of the correctness of the holding in the decree.

It follows that there is neither stated nor can there be in the city any right to vacate the decree for want of jurisdiction in the court to render it.

Pertinent to a consideration of the allegations of fraud made as basis for vacating the decree on authority of Tit. 12 O.S. 1941 §1031, subd. 4, and the argument in support of the sufficiency thereof, is the following said in Finley v. Riley, 91 Okla. 58, 215 P. 950:

"It is elementary that in pleading fraud the acts constituting the fraud, or the circumstances from which a conclusion of fraud must be drawn, must be stated with particularity. A mere allegation of fraud, without detailing the facts upon which the charge of fraud is predicated, is a mere conclusion. . . .

"What was the fraud, and what was the collusion vitiating the judgment? Plaintiff's petition does not answer this question. But in his brief he says:

" 'For the purpose of the demurrer they have admitted every statement alleged in the petition.'

—and from this argues that the fact of fraud and the fact of collusion are both admitted. Such is not the rule. Upon demurrer a petition should be liberally construed, and all facts well pleaded stand as admitted. But the demurrer does not admit conclusions."

In support of the sufficiency of the allegations of fraud there is said in the brief of defendant in error:

" . . . But we respectfully submit that it was not only Mr. Ticer's duty to represent the City in the proceeding, but he was disqualified by reason of his connection with the City to join in the application to vacate the plat of Marcum Addition, and thereby exclude it from the City limits. We further submit that his appearance against the City while he was the regular City Attorney — drawing a monthly salary from the City as such—constituted a fraud upon the court."

And, in recognition of the question as to such sufficiency, there is said in the brief:

"Of course, we could have made our allegations more explicit, and our statement of facts constituting fraud much more harsh than we did; but we have always felt kindly toward all the appellants and we did not desire to speak in a permanent court record more harshly of them than we considered necessary."

The conclusion of fraud sought to be drawn from the relationship between Ticer and the city carries no appeal. Under the statute he as an owner of the property was entitled to apply for the vacation and in no sense could the exercise of such right be prejudiced by the fact that he was city attorney. The city was entitled to no representation by attorney at the hearing until it had elected, under authority of the statute, to appear and oppose the vacation. In such event Ticer would have been disqualified to represent the city rather than disqualified to represent himself in the proceeding. The facts

alleged are insufficient to constitute fraud or justify a conclusion of fraud, and cannot be aided by the inference to be drawn from the argument that there exists sufficient facts that are not pleaded.

The judgment is reversed and the cause is remanded, with instructions to sustain the demurrer.

ARNOLD, C. J., LUTTRELL, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur. HALLEY, J., dissents.

HALLEY, J. (dissenting). The majority opinion reverses the trial court and directs it to sustain a demurrer to the petition. The rule is well established in this state that:

"As against a demurrer, a petition must be liberally construed and all of its allegations of fact must be taken as true, together with all reasonable inferences therefrom. If any fact stated therein entitles the plaintiff to any relief, the demurrer should be overruled." Stevenson v. Friend, 196 Okla. 249, 165 P. 2d 133; see, also, McKee v. McKee, 172 Okla. 35, 43 P. 2d 1041.

The petition of the city to set aside the decree of March 6, 1943, specifically denies that the conditions necessary to support the vacation of a part of a plat existed on March 6, 1943, or that they existed at the time the petition was filed. Sec. 524, 11 O.S. 1941, provides as follows:

"If the application shall be by the owner or owners of a portion of such platted tract for the vacation of such portion only, and it shall appear that the portion desired to be vacated has never been actually used for town or city purposes, or that the platted streets and alleys on or across such portion have never been used by the public, or that the public has for more than five years abandoned by such nonuser, or that the same has been enclosed and occupied adversely to the public for more than five years, then the court may vacate such portion of said plat. . . ."

These facts were alleged in appellants' original application to vacate a portion of the plat as existing at that time. It seems to me that a petition to vacated a judgment which vacated a part of a plat of an addition is sufficient against a demurrer when it says that the facts on which the vacation of the plat was based did not actually exist at the time alleged.

The people of the city of Wilson are vitally concerned in and will be injuriously affected by a decree which vacates a portion of a plat of an addition to that city. Their concern arises from the possible closing of streets and alleys in the portion of the plat vacated, and from the possibility that the city will suffer a loss of revenue by the elimination of property taxable for city purposes.

In my opinion, the allegations in regard to the conduct of the city attorney were sufficient to justify the court in its action in overruling the demurrer. N. E. Ticer was city attorney for the city of Wilson when this application for vacation of plat was filed, and continued in that position until 1947, when a new administration went into office. It was Ticer's duty, as city attorney, to call the attention of the mayor and of the governing board to the proceedings to vacate the plat of a part of the city, which would take property subject to city taxes and make it untaxable by the city, when he knew of such action and was personally interested in having the plat vacated. His failure to do so constituted constructive or legal fraud, in my opinion. If he called this action to vacate to the attention of the city officials, he should at least be required to say so. In Abernathy v. Huston, 166 Okla. 184, 26 P. 2d 939, we held that when a judgment is taken against a municipality, based on legal fraud, the judgment may be vacated. The decree here vacating the plat, being based on fraud extrinsic and collateral to the record, could itself be vacated within two years of the discovery of the fraud perpetrated in obtaining the original

54

judgment of vacation. City of Guthrie v. McKennon, 19 Okla. 306, 91 P. 851; Caraway v. Overholser, 182 Okla. 357, 77 P. 2d 688.

I think that the following statements also are pertinent:

"An attorney has no capacity to deal for himself in the subject matter of his employment without his client's knowledge and consent." Board of County Commissioners of Okfuskee County v. Hazelwood, 79 Okla. 185, 192 P. 217.

And:

"Acts of the attorney to secure advantage to himself at expense of client are prima facie fraudulent." McGuire v. Wheeler, 300 Pa. 513, 150 A. 882.

To my mind Ticer clearly represented adverse interests in the original action. The rule is well established that an attorney is by virtue of his office disqualified from representing interests which are adverse in the sense that they are hostile, antagonistic, or in conflict. See 7 C.J.S., Attorney and Client, §47. In this case, action was being taken by certain property owners, including Ticer, to put their property outside the city where it would not pay city taxes. For an attorney not to tell his client of the pendency of the case under such circumstances can be nothing else than legal fraud. Those who joined Ticer in this application to vacate were bound to know his relationship to the city of Wilson.

The petition of the city states that the conditions existing in March, 1943, continued to exist until 1947, when the city had a change of administration. This is not a direct allegation that the city had no notice of the vacation proceedings, but I think it may be reasonably inferred from the allegations that the city was not notified of the vacation of the plat applied for and did not discover the fraud until 1947.

The trial court should be sustained instead of being reversed. I dissent.